## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JAMI CLAIRE and KATHRYN LANE,**

     **Plaintiffs,**

**v.**                              **CASE NO. 4:20-cv-0020-MW-CAS**

**FLORIDA DEPARTMENT OF
MANAGEMENT SERVICES; JONATHAN
SATTER, in his official capacity as
Secretary of the Florida Department of
Management Services; UNIVERSITY OF
FLORIDA BOARD OF TRUSTEES;
MORTEZA HOSSEINI, in his official
Capacity as Chair of the University of
Florida Board of Trustees; THOMAS
KUNTZ, DAVID BRANDON, JAMES
HEAVENER, LEONARD JOHNSON,
MICHAEL MURPHY, DANIEL O'KEEFE,
RAHUL PATEL, MARSHA POWERS,
JASON ROSENBERG, ROBERT STERN,
RAY THOMAS, and ANITA ZUCKER, in
their official capacities as Members of the
University of Florida Board of Trustees;
and ANDY THOMAS, in his official capacity
as Public Defender of the Second Judicial
Circuit of Florida,**

     **Defendants.**
_____/

## DEFENDANTS DEPARTMENT OF MANAGEMENT SERVICES' AND
## JONATHAN SATTER'S ANSWER, DEFENSES AND AFFIRMATIVE
## DEFENSES TO COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF AND DAMAGES

Defendants, FLORIDA DEPARTMENT OF MANAGEMENT SERVICES (DMS), and JONATHAN SATTER in his official capacity as Secretary of the Florida Department of Management Services (SATTER), by and through the undersigned trial counsel, file their Answer, Defenses and Affirmative Defenses in response to Plaintiffs' Complaint for Declaratory and Injunctive Relief and Damages as follows:

## PRELIMINARY STATEMENT

1.      Admitted that Plaintiffs are employees of state agencies. Admit that they receive health insurance benefits. The terms of the State Plans applicable to each Plaintiff speak for themselves. Otherwise, denied.

2.      The DSM-5 and the ICD-10 speak for themselves. Admitted that the State Plans have certain exclusions. Otherwise, denied.

3.      Without knowledge as to Plaintiffs' conditions. Without knowledge as to medical necessity. Otherwise, denied.

4.      Denied.

## JURISDICTION

5.      Admitted for jurisdictional purposes only.

6.      Admitted for jurisdictional purposes only.

## VENUE

7.      Admitted that venue is proper in the Northern District of Florida.

## PLAINTIFFS

8.    Without knowledge.

9.    Without knowledge.

## DEFENDANTS

10.    Admitted that DMS is a State agency and has a division known as the

Division of State Group Insurance. Otherwise, denied.

11.    Admitted that SATTER is the Secretary of DMS.

12.    Without knowledge.

13.    Without knowledge.

14.    Without knowledge.

15.    Admitted that these Defendants acted under state law.    Otherwise,

denied.

## FACTUAL ALLEGATIONS

**Transgender individuals and Gender Dysphoria**

16.    Without knowledge.

17.    Without knowledge.

18.    Without knowledge.

19.    Without knowledge.

20.    Without knowledge.

21.    Without knowledge.

22.    Admitted that gender dysphoria is described in the DSM. Otherwise, without knowledge.

23.    Without knowledge.

24.    Without knowledge.

25.    The standards maintained by WPATH speak for themselves. Otherwise, without knowledge.

26.    The standards maintained by WPATH speak for themselves. Otherwise, without knowledge.

27.    Without knowledge.

28.    Without knowledge.

29.    Without knowledge.

30.    Without knowledge.

31.    Without knowledge.

32.    The standards maintained by WPATH speak for themselves. Otherwise, without knowledge.

33.    Without knowledge.

34.    The information issued by these organizations speaks for itself. Otherwise, without knowledge.

35.    Without knowledge.

**The State Plans**

36.     Admitted.

37.     Admitted that DMS administers the State Plans including request for proposals and invitations to negotiate. Otherwise, denied.

38.     The contracts referred to in paragraph 38 of the Complaint speak for themselves.

39.     The contracts referred to in paragraph 39 of the Complaint speak for themselves.

40.     The contracts referred to in paragraph 40 of the Complaint speak for themselves.

41.          Admitted that Ms. Claire receives health care coverage through the state plans administered by AvMed.  Otherwise, without knowledge.

42.     Without knowledge.

43.     Without knowledge.

**The State Plans' Exclusion of Gender-Affirming Care**

44.     The Invitation to Negotiate speaks for itself.

45.     The Invitation to Negotiate speaks for itself.

46.     The Invitation to Negotiate speaks for itself.

47.     Denied.

48.     Admitted.

49.    Denied.

50.    Admitted that State Plans contain exclusions. The language of each State Plan's exclusions speaks for itself. Otherwise, denied.

51.    Admitted that state employees can receive coverage for certain medically necessary treatment pursuant to the terms of the State Plans. Otherwise, without knowledge.

52.    Denied.

53.    Admitted that the State sets some of the terms, conditions, and criteria used for making coverage decisions. Otherwise, denied.

54.    The specific language of the AvMed and Capital Health coverage booklets speak for themselves. Otherwise, denied.

55.    The State Plans' exclusions speak for themselves.

56.    Denied.

57.    Denied.

58.    The State Plans' exclusions and the HMO Group Health Insurance Plan Booklet & Benefits Document speak for themselves.

59.    Denied that any coverage was wrongfully denied. Otherwise, without knowledge.

**The State's Denial of Medically Necessary Care to Plaintiffs**

**Plaintiff Jami Claire**

60.    Without knowledge.

61.    Without knowledge.

62.    Without knowledge.

63.    Without knowledge.

64.    Without knowledge.

65.    Without knowledge.

**Gender-Affirmation History**

66.    Without knowledge.

67.    Without knowledge.

68.    Without knowledge.

69.    Without knowledge.

70.    Without knowledge.

71.    Without knowledge.

72.    Without knowledge.

73.    Without knowledge.

74.    Without knowledge.

75.    Without knowledge.

76.    Without knowledge.

77.    Without knowledge.

78.    Without knowledge.

79.    Without knowledge.

80.    Without knowledge.

81.    Without knowledge.

**Medical Necessity of Denied Procedure**

82.    Without knowledge.

83.    Without knowledge.

84.    Without knowledge.

85.    Without knowledge.

86.    Without knowledge.

87.    Without knowledge.

88.    Without knowledge.

89.    Without knowledge.

90.    Without knowledge.

91.    Without knowledge.

**Procedure Denied by Defendants**

92.    Without knowledge.

93.    Without knowledge.

94.    Without knowledge.

95.    Without knowledge.

96.    Any appeal document filed by Ms. Claire with the Division of State Group Insurance speaks for itself.

97.    Any appeal decision speaks for itself. Otherwise, without knowledge.

98.    Without knowledge.

99.    Without knowledge.

100.    Without knowledge.

101.    Without knowledge.

102.    The State Plan and any exclusion speak for itself. Otherwise, without knowledge.

103.    Without knowledge.

104.    Admitted that university employees participate in the State Plans. Otherwise, without knowledge.

105.    Any Florida Statutes referenced speak for themselves. Otherwise, without knowledge.

106.    Without knowledge.

107.    Without knowledge.

108.    Without knowledge.

**Exhaustion of Administrative Remedies**

109.    Admitted that a charge was filed with EEOC. Denied as to the allegations made in the charge and whether it was timely.

110.    Without knowledge.

111.    Without knowledge.

112.    Without knowledge.

113.    Without knowledge.

**Plaintiff Kathryn Lane**

114.    Without knowledge.

115.    Without knowledge.

116.    Without knowledge.

117.    Without knowledge.

118.    Without knowledge.

119.    Without knowledge.

**Gender-Affirmation History**

120.    Without knowledge.

121.    Without knowledge.

122.    Without knowledge.

123.    Without knowledge.

124.    Without knowledge.

125.    Without knowledge.

126.    Without knowledge.

127.    Without knowledge.

128.    Without knowledge.

129.    Without knowledge.

130.    Without knowledge.

**Procedure Denied by Defendants**

131.    Without knowledge.

132.    The WPATH Standards speak for themselves. Otherwise, without knowledge.

133.    Without knowledge.

134.    Without knowledge.

135.    Without knowledge.

136.    Without knowledge.

137.    Without knowledge.

138.    Without knowledge.

**Procedure Denied by Defendants is Medically Necessary**

139.    Without knowledge.

140.    Without knowledge.

141.    Without knowledge.

142.  Without knowledge.

143.  Without knowledge.

144.  Without knowledge.

145.  Without knowledge.

146.  Without knowledge.

**Procedure Denied by Defendants is Not Cosmetic**

147.  The WPATH Standards speak for themselves. Otherwise, without knowledge.

148.  Without knowledge.

149.  Without knowledge.

150.  Without knowledge.

**Exhaustion of Administrative Remedies**

151.  Admitted that a charge was filed with EEOC. Denied as to the allegations made in the charge and whether it was timely.

152.  Without knowledge.

153.  Without knowledge.

154.  Without knowledge.

155.  Without knowledge.

156.  Without knowledge.

157.  Without knowledge.

## COMMON ALLEGATIONS FOR CLAIMS I, II and III,
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

158.    Defendants reassert and incorporate their answers to paragraphs 1-157.

159.    Admitted.

160.    Denied.

161.    Denied that the language of Title VII defines "sex" or "because of sex" in this matter. Admitted that under Title VII, gender stereotyping can be evidence of discrimination based on sex in some circumstances. Otherwise, denied.

162.    Without knowledge.

163.    This is a contested issue of law. Admitted that some courts have so held. Otherwise, denied.

164.    Without knowledge.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied that any State Plan exclusion constitutes sex discrimination. Otherwise, without knowledge.

169.    Without knowledge.

170.    Denied.

171.    Denied.

172.    Denied.

## CLAIM I
## <u>VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964</u>

### All Plaintiff's against Florida Department of Management Services

173.  Defendants reassert and incorporate their answers to paragraphs 1-172.

174.  Admitted that DMS could qualify as an employer in certain circumstances. Denied that DMS is Plaintiffs' employer for purposes of Title VII.

175.  Admitted that Plaintiffs qualify as employees in certain circumstances. Denied that Plaintiffs are employees of DMS for purposes of Title VII.

176.  Denied.

177.  Denied.

178.  Denied.

## CLAIM II
## <u>VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964</u>

### Plaintiff Claire against Defendant University of Florida Board of Trustees

179.-185.    The allegations in paragraphs 179 through 185 are not directed at Defendants DMS and SATTER and thus do not require a direct response by these Defendants.  To the extent any such allegation in these paragraphs may be construed as being directed at these defendants, the allegation is expressly denied.

## CLAIM III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### Plaintiff Lane against Defendant Thomas

186. - 190.   The allegations in paragraphs 186 through 190 are not directed at Defendants DMS and SATTER and thus do not require a direct response by these Defendants.  To the extent any such allegation in these paragraphs may be construed as being directed at these defendants, the allegation is expressly denied.

### COMMON ALLEGATIONS FOR CLAIMS IV, V, and VI
### EQUAL PROTECTION CLAUSE

191.   Defendants reassert and incorporate their answers to paragraphs 1-157.

192.   Admitted that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits a state from denying any person in its jurisdiction the equal protection of the laws. Otherwise, denied.

193.   Denied.

194.   Denied.

195.   Without knowledge.

196.   Denied.

197.   Without knowledge.

198.   Denied.

199.   Denied.

200.    Admitted that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that a state may not deny any person within its jurisdiction the equal protection of the laws. Otherwise, denied.

201.    Admitted that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that a state may not deny any person within its jurisdiction the equal protection of the laws. Otherwise, denied.

202.    Denied.

203.    Denied.

204.    Admitted that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that a state may not deny any person within its jurisdiction the equal protection of the laws. Otherwise, denied.

205.    Admitted that in some circumstances sex-based classifications are subject to heightened scrutiny. Otherwise, denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

**CLAIM IV**
**EQUAL PROTECTION CLAUSE**

**All Plaintiffs against Defendant SATTER**

211.   Defendants reassert and incorporate their answers to paragraphs 1-157 and 191-210.

212.   Denied.

213.   Denied.

**CLAIM V**
**EQUAL PROTECTION CLAUSE**

**Plaintiff Claire against Defendants Hosseini, Kuntz, Brandon, Heavener, Johnson, Murphy, O'Keefe, Patel, Powers, Rosenberg, Stern, Thomas, and Zucker, in their official capacities as members of the University of Florida Board of Trustees**

214. - 217.   The allegations in paragraphs 214 through 217 are not directed at Defendants DMS and SATTER and thus do not require a direct response by these Defendants.  To the extent any such allegation in these paragraphs may be construed as being directed at these defendants, the allegation is expressly denied.

**CLAIM VI**
**EQUAL PROTECTION CLAUSE**

**Plaintiff Lane against Defendant Thomas**

218. - 220.   The allegations in paragraphs 218 through 220 are not directed at Defendants DMS and SATTER and thus do not require a direct response by these

Defendants. To the extent any such allegation in these paragraphs may be construed as being directed at these defendants, the allegation is expressly denied.

## RELIEF REQUESTED

Plaintiffs' WHEREFORE clause, including all subparts, is expressly denied. Moreover, denied that there is any violation of law, and denied that the Plaintiffs' prayer for relief is proper based on the facts and law of this case.

## GENERAL DENIAL

All allegations not expressly admitted are hereby denied.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury of all issues so triable.

## DEFENSES AND AFFIRMATIVE DEFENSES

The Defendants assert the following, separate and distinct defenses:

1.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted, or alternatively, Plaintiffs cannot establish essential claims of the causes of actions asserted. In particular, Plaintiffs fails to state a claim for a violation of the Equal Protection Clause as guaranteed by the Fourteenth Amendment and/or Title VII. Plaintiffs are unable to demonstrate that the plans, programs, rules, and/or policies at issue discriminate on the basis of sex or against a suspect class. Likewise, Plaintiffs are unable to demonstrate that they are treated differently than any other similarly-situated individuals.

2.      All of the plans, programs, rules and/or policies at issue in this case are substantially related to the furtherance of an important government interest.

3.      One or more of the Plaintiffs' claims is barred by the doctrine of Sovereign Immunity and/or Eleventh Amendment immunity, including but not limited to, any claim for money damages.

4.      Defendants did not deprive Plaintiffs of any clearly-established constitutional or civil rights.

5.      Defendants acted without malice and with a good faith belief that all actions were in accordance with and not contrary to the obligations created by clearly established law, and in compliance with all statutes, rules, and regulations.

6.      To the extent Plaintiffs are attempting to assert any individual or personal capacity claims, Defendants are entitled to qualified immunity under 42 U.S.C. § 1983.  Defendants did not violate any clearly established statutory or constitutional right of which a reasonable person would have known.

7.      Any and all actions of the Defendants were objectively and subjectively reasonable given the totality of circumstances and comport with the Equal Protection Clause as guaranteed by the Fourteenth Amendment.

8.      The conduct of the Defendants was not the proximate cause of any damage or injury to Plaintiffs. Rather, Plaintiffs' injuries were proximately cause by

the actions of others or by events separate, distinct and unrelated to any action of the Defendants.

9.     All decisions of Defendants were taken for legitimate, non-discriminatory reasons, and each and every decision made by Defendants was based on legitimate business reasons and were not in any way based on, or the result of, discriminatory intent.

10.     All or part of the claims asserted against the Defendants may be barred by the applicable statute of limitations.

11.     To the extent that Plaintiffs are entitled to an award of damages (which the Defendants expressly deny) Plaintiffs have failed to mitigate their damages. Moreover, any award of damages under Title VII is subject to the limitations imposed by 42 USC § 1981a.

12.     Assuming Plaintiffs are entitled to an award of damages (which Defendants expressly deny) Defendants are entitled to a reduction of the damages award for any amounts received by Plaintiffs from other sources arising from or out of the same claims asserted in the Complaint, and should be reduced or set-off by any amounts paid to, received by, or to be received in the future from, any third party, collateral source or any other sources permitted by or applicable law.

13.     Defendant, DMS, is not Plaintiffs' employer within the meaning of Title VII and thus cannot be liable for any alleged Title VII violation.

14.   The Plaintiffs failed to exhaust available administrative remedies for each claim and/or benefit being pursued in this action.

15.   Defendants reserve the right to amend their defenses and affirmative defenses as the case progresses based on the facts that may be learned through discovery.

WHEREFORE, Defendants, request a jury trial and hereby demand judgment in their favor, and against Plaintiffs and for the Court to award any other and further relief it deems just and proper.

DATED this 27th day of February 2020.

HENRY BUCHANAN, P.A.


*s/ J. Steven Carter*
J. STEVEN CARTER
Florida Bar No. 896152
scarter@henryblaw.com
MIRIAM R. COLES
Florida Bar No. 58402
mcoles@henryblaw.com
JACOB M. SALOW
Florida Bar No. 1019760
jsalow@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
(850) 222-2920: Telephone
(850) 224-0034: Facsimile
Counsel for Defendants Florida Department
  of Management Services, and Jonathan
  Satter

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via the Florida Courts E-filing System which will send electronic notification to all counsel of record on this 27th day of February 2020.

s/ J. Steven Carter
J. STEVEN CARTER