**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

JAMI CLAIRE and KATHRYN LANE,

     Plaintiffs,

vs.                     Case No. 4:20-cv-00020-MW/MAF

FLORIDA DEPARTMENT OF
MANAGEMENT SERVICES;
JONATHAN SATTER, in his official
capacity as Secretary of the Florida
Department of Management Services;
UNIVERSITY OF FLORIDA BOARD
OF TRUSTEES; MORTEZA
HOSSEINI, in his official capacity as
Chair of the University of Florida
Board of Trustees;  THOMAS KUNTZ,
DAVID BRANDON, JAMES
HEAVENER, LEONARD JOHNSON,
MICHAEL MURPHY, DANIEL
O'KEEFE, RAHUL PATEL, MARSHA
POWERS, JASON ROSENBERG,
ROBERT STERN, RAY THOMAS,
and ANITA ZUCKER, in their official
capacities as Members of the
University of Florida Board of
Trustees; and ANDY THOMAS, in his
official capacity as Public Defender of
the Second Judicial Circuit of Florida.

     Defendants.
_____/

## JOINT REPORT OF RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order (ECF 21), the

parties submit the following report of their case management conference. Before proceeding with the details of the case management conference, the parties respectfully submit the challenges posed by the current health crisis due to COVID-19 and related travel and work restrictions complicates the parties' ability to engage in or complete discovery and for that reason respectfully request an enlargement of the deadlines previously set by this Court as well as the ability of all parties to respond to unforeseen impediments related to discovery responses. The parties submit the following report of their case management conference:

1.    **Meeting of the Parties:** The following counsel for the parties participated in a Rule 26(f) conference by telephone on March 30, 2020: counsel for Plaintiffs (Simone Chriss, Jodi Siegel, Kirsten Anderson, Daniel Tilley, Anton Marino, and Eric Lindstrom); counsel for Defendant Florida Department of Management Services and Jonathan Satter, in his official capacity as Secretary of the Florida Department of Management Services (Steven Carter and Miriam Coles); counsel for Defendant University of Florida Board of Trustees and individually named Trustee Defendants in their official capacities (Mark Logan and Jeffrey Slanker); and counsel for Defendant Andy Thomas, in his official capacity as Public Defender of the

Second Judicial Circuit of Florida (Mark Logan and Jeffrey Slanker).

2. **Initial Disclosures:** The parties agree to exchange the disclosures required by Rule 26(a)(1), by Monday, April 29, 2020.

3. **Discovery Plan: The parties propose this discovery plan**:

a. **Subject of discovery:** The parties agree that discovery will be needed on matters related to the Plaintiffs' claims and the Defendants' defenses.

b. **Dates for commencing and completing discovery, including discovery commenced or completed before other discovery**: The parties **did not agree** on this issue, and therefore:

   i. Plaintiffs' propose that all discovery shall be due by, and as such the due date of all requested discovery shall not be later than, October 15, 2020.

   ii. Defendants' position is that all discovery shall be due by, and as such the due date of all requested discovery shall not be later than, January 1, 2021. Defendants request additional time because of disruptions to Defendants' operations and anticipated discovery delays over the next

3

few months caused by Covid-19 precautions.

c. **Maximum number of interrogatories by each party to another party, and the dates the answers are due**: The parties agree that the number of interrogatories shall be governed by Fed. R. Civ. P. 33. The parties **did not agree** as to the dates answers are due.

    i. Plaintiffs' propose that the dates answers are due be governed by Fed. R. Civ. P. 33, which states responding party must serve its answers and any objections within 30 days after being served with the interrogatories.

    ii. Defendants' position is that responding party must serve its answers and any objections within 60 days after being served with the interrogatories.

d. **Maximum number of requests for admissions, along with dates responses due**: The parties agree that requests for admissions are governed by Fed. R. Civ. P. 36, which provides no limits on the number of requests for admissions. The parties **did not agree** as to the dates responses are due.

    i. Plaintiffs' propose that the date responses are due be

4

governed by Fed. R. Civ. P. 36, which states a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

    ii. Defendants' position is that responding party must respond within 60 days after being served.

e. **Maximum number of depositions by each party**: The parties agree to a maximum of 10 depositions by each party, consistent with the limits in Fed. R. Civ. P. 30.

f. **Limits of the length of depositions in hours**: The parties agree to the limits in Fed. R. Civ. P. 30(d).

g. **Dates for exchanging reports of expert witnesses**: The parties **<u>did not agree</u>** on this issue, and therefore:

    i. Plaintiffs' propose that the deadline is August 15, 2020, for initial expert disclosures of any witness the parties intend to call at trial. The deadline for rebuttal reports is September 15, 2020, if the expert is intended to solely rebut or contradict evidence by an expert called by

another party in this case.

    ii. Defendants' position is that the deadline is October 28, 2020 for initial expert disclosures of any witness the parties intend to call at trial. The deadline for rebuttal reports is November 28, 2020 if the expert is intended to solely rebut or contradict evidence by an expert called by another party in this case.

h. **Dates for supplementation under Rule 26(e)**: The parties agree to inform opposing parties within 15 days of learning that a response is incomplete or incorrect, if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

4. **Other Items:**

a. **Scheduling order conference is requested:** The parties **do** request a scheduling order conference.

b. **Requested dates for pretrial conference**: The parties **did not agree** on this issue, and therefore:

    i. Plaintiffs' propose that the parties will be ready for a pretrial conference on or after December 13, 2020.

    ii.  Defendants' position is that the parties will be ready for a pretrial conference on or after April 13, 2021.

c.  **Plaintiffs' deadline to amend pleadings or join parties**: The parties agree Plaintiffs' deadline to amend pleadings or join parties is June 13, 2020.

d.  **Defendants' deadline to amend pleadings or join parties**: The parties agree Defendants' deadline to amend pleadings or join parties is July 13, 2020.

e.  **Final dates to file dispositive motions**: The parties **did not agree** on this issue, and therefore:

    i.  Plaintiffs' propose that the final date to file dispositive motions is November 5, 2020.

    ii.  Defendants' position is that the final date to file dispositive motions is January 22, 2021.

f.  **Prospects for settlement**: The parties have discussed whether settlement is possible and whether mediation might be helpful in settlement, either now or after certain limited discovery has taken place. The parties agree the prospects for settlement cannot be determined at this early stage, but all

parties are open to mediation in furtherance of attempted settlement.

g. **Identify any alternative dispute resolution procedure that may enhance prospects for settlemen**t: The parties agree that alternative dispute resolution can enhance the prospects for settlement, and as stated above all parties are open to mediation.

h. **Final dates for submitting 26(a)(3) witness lists, designations of deposition testimony, and exhibit lists**: Per this Court's Order (ECF 21, at 8), the parties did not set these deadlines and will await the Court's further instructions after the close of discovery.

i. **Final dates to file objections under Rule 26(a)(3)**: Per this Court's Order (ECF 21, at 8), the parties did not set these deadlines and will await the Court's further instructions after the close of discovery.

j. **Suggested trial date and estimate of trial length**: The parties **did not agree** on this issue, and therefore:

   i. Plaintiffs estimate the case will be ready for trial by

8

January 13, 2021.

    ii.  Defendants' position is that the case will be ready for trial by May 13, 2021.

    iii.  The parties estimate that a minimum of two weeks will be necessary for trial.

5.    **Amendment/Revisions Needed to Court's Initial Scheduling Order**:

    a.  **Discovery Deadline**- Plaintiffs request that the deadline be extended to October 15, 2020; Defendants request that the deadline be extended to January 01, 2021.

    b.  **Dispositive Motions**- Plaintiffs request the deadline be extended to November 5, 2020; Defendants request the deadline be extended to January 22, 2021.

    c.  **Expert Disclosures -** Plaintiffs request that the deadline be extended to August 15, 2020, for initial expert disclosures of any witness the parties intend to call at trial, and extended to September 15, 2020, for rebuttal reports if the expert is intended to solely rebut or contradict evidence by an expert called by another party in this case. Defendants request that

the deadline be extended to October 28, 2020, for initial expert

disclosures of any witness the parties intend to call at trial, and

extended to November 28, 2020, for rebuttal reports if the

expert is intended to solely rebut or contradict evidence by an

expert called by another party in this case.

6.    **Conference regarding Magistrate Judge Jurisdiction**: The

parties have conferred regarding their willingness to consent to Magistrate

Judge jurisdiction.

7.    **Nature and Basis of all Claims and Defenses, and Good

Faith Attempt to Identify the Principal Factual and Legal Issues in

Dispute:**

a. **Plaintiffs:** The nature and basis of Plaintiffs' claims against

Defendants include discrimination on the basis of sex and

failure to conform to gender stereotypes in violation of Title VII,

and discrimination on the basis of sex, failure to conform to

gender stereotypes, and being transgender in violation of the

Equal Protection Clause. Plaintiffs are employees of the State

of Florida, and receive employer-sponsored health insurance

benefits as part of their compensation for employment. All of

the State Plans, including those provided to Plaintiffs, explicitly exclude coverage for gender-affirming care. Plaintiffs have been, and continue to be, denied coverage for medically necessary gender-affirming care for gender dysphoria due to this categorical exclusion. The State Plans single out transgender employees, like Plaintiffs, for unequal treatment, by categorically depriving them of coverage for gender-affirming care while non-transgender employees receive coverage for all of their medically necessary care.

b. **Defendants:**

    **i. (Public Defender Defendant**).  The Public Defender Defendant has raised several defenses to Plaintiff Lane's claims via his Motion to Dismiss Plaintiffs' Complaint (ECF 19).  First, the Public Defender asserts the Plaintiff's Claims against him, in his official capacity, fail for a lack of standing.  None of the Plaintiff's alleged injuries are fairly traceable or can be redressed by the Public Defender Defendant.  Second, the Public Defender Defendant asserts the Plaintiff's Complaint is barred by sovereign

immunity.  Finally, the Public Defender Defendant seeks dismissal of Plaintiff's Title VII claim as it does not state an actionable claim for sex-stereotyping discrimination. The Public Defender reserves the right to contest facts asserted by the Plaintiff in support of her claims, including the medical necessity of the care or procedures sought and the application of other exclusions to such care or procedures including, but not limited to, cosmetic surgery exclusions.

**ii. (UF Defendants**).  The UF Defendants have asserted several defenses, via their Motion to Dismiss, to Plaintiff Claire's claims (ECF 20). These include, first that the claims fail for a lack of standing.  None of the Plaintiff's alleged injuries are fairly traceable or can be redressed by the UF Defendants.  The UF Defendants also assert the Plaintiff's claims are barred by sovereign immunity.  The UF Defendants reserve the right to contest facts asserted by the Plaintiff in support of her Claims, including the medical necessity of the care or procedures sought and

12

the application of other exclusions to such care or procedures including, but not limited to, cosmetic surgery exclusions.

**iii. (DMS Defendants).** Defendants, DMS and Satter, deny that Plaintiffs were subjected to any manner of gender or sex discrimination and assert that all of its actions have a rational basis and were undertaken for legitimate, non-discriminatory business reasons. None of Defendants' actions constitute discrimination under Title VII or violate the Equal Protection Clause of the Fourteenth Amendment. Defendant further incorporates by reference the defenses included in its recently filed answer to Plaintiffs' complaint.

8.   **Electronic Discovery**:

Each party is likely to request or produce information from electronic or computer-based media limited to data reasonably available to the parties in the ordinary course of business. At this time the parties do not anticipate the production of electronic data not reasonably available to the parties in the ordinary course of business.

Where possible, electronic data will be produced in a uniform format such as PDF; however, .pst files are acceptable as well. Upon specific request, electronic data must be produced in both PDF and in the form as it is kept in the ordinary course of business with the understanding that certain specific software may be required to open and view such data and that the producing party has no obligation to provide the requestor with such software. Electronic data will be produced via email, a mutually-acceptable file hosting or file sharing service, by delivery of a data storage device (e.g., CD, DVD, USB drive, Hard Drive, etc.), or made available for copying and inspection at a time and place mutually agreeable to the parties.

The parties agree to take reasonable measures to preserve potentially discoverable data from alteration or destruction.

9.    **Inadvertent Disclosure**: Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privilege nor result in a subject matter waiver of any kind.

A party who receives information which appears to be privileged shall immediately inform the producing party and shall, upon request 1) immediately return all inadvertently produced information; and 2) destroy all

14

copies or versions of the information.

10.   **Confidentiality Order**: The parties request a Confidentiality Order to deal with protected health information and confidentiality of Plaintiffs' personal medical information and records. The parties will submit a proposed order for approval by this Court.

Dated: April 13, 2020              Respectfully submitted,

*/s/ Simone Chriss*
SIMONE CHRISS, Fla. Bar No. 124062
simone.chriss@southernlegal.org
KIRSTEN ANDERSON, Fla. Bar No. 17179
kirsten.anderson@southernlegal.org
JODI SIEGEL, Fla. Bar No. 511617
jodi.siegel@southernlegal.org
Southern Legal Counsel, Inc.
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890

DANIEL TILLEY, Fla. Bar No. 102882
dtilley@aclufl.org
ACLU Foundation of Florida
4343 West Flagler St., Suite 400,
Miami, FL 33134
(786) 363-2714

ANTON MARINO, Fla. Bar. No. 1021406
amarino@aclufl.org
ACLU Foundation of Florida
4343 West Flagler St., Suite 400
Miami, FL 33134

(786) 363-2707

ERIC LINDSTROM, Fla. Bar No. 104778
elindstrom@eganlev.com
Egan, Lev, Lindstrom & Siwica, P.A.
P.O. Box 5276
Gainesville, FL 32627
(352) 672-6901

**ATTORNEYS FOR PLAINTIFFS**

*s/ J. Steven Carter*
J. STEVEN CARTER
Florida Bar No. 896152
scarter@henryblaw.com
MIRIAM R. COLES
Florida Bar No. 58402
mcoles@henryblaw.com
JACOB M. SALOW
Florida Bar No. 1019760
jsalow@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
(850) 222-2920: Telephone
(850) 224-0034: Facsimile

**ATTORNEYS FOR DEFENDANTS FLORIDA
DEPARTMENT OF MANAGEMENT
SERVICES, AND JONATHAN SATTER**

*s/ Jeffrey D. Slanker*
JEFFREY D. SLANKER
Florida Bar No. 100391
E-mail: jslanker@sniffenlaw.com
MICHAEL P. SPELLMAN
Florida Bar No. 937975
E-mail: mspellman@sniffenlaw.com

16

MARK K. LOGAN
Florida Bar No. 0494208
E-mail: mlogan@sniffenlaw.com
SNIFFEN & SPELLMAN, P.A.
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

**ATTORNEYS FOR THE UF AND PUBLIC DEFENDER DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2020, a true copy of the foregoing has been filed with the Court utilizing its CM/ECF system, which will transmit a notice of electronic filing to all Plaintiffs' and Defendants' counsel of record registered with the Court for that purpose.

*/s/ Simone Chriss*

**ATTORNEY FOR PLAINTIFFS**

17