IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JAMIE CLAIRE, et al.,**

    *Plaintiffs*,

v.                                         Case No.: 4:20cv20-MW/MAF

**FLORIDA DEPARTMENT OF
MANAGEMENT SERVICES, et al.,**

    *Defendants*.
_____/

## ORDER GRANTING *DAUBERT* MOTION

This Court has considered, without hearing, Plaintiffs' *Daubert* Motion to Partially Exclude Expert Testimony of Dr. Stephen Levine, ECF No. 143, and the Defendants' response, ECF No. 146. Plaintiffs have moved to exclude portions of Dr. Levine's testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Rules 702, 401, 402, and 403 of the Federal Rules of Evidence. Plaintiffs do not seek to exclude Dr. Levine's opinions about gender dysphoria and its treatment generally—instead, "Plaintiffs seek to prohibit Dr. Levine from testifying at trial about his opinions related to Plaintiffs' medical conditions and treatment," as laid out in more detail in Section VII of Dr. Levine's expert report. ECF No. 143 at 2.

Implementing Rule 702, *Daubert* requires district courts to ensure that any and all scientific testimony or evidence admitted is both relevant and reliable. *See Daubert*, 509 U.S. at 589–90. District courts must conduct this gatekeeping function "to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation 'expert testimony.' " *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005).

The Eleventh Circuit "requires trial courts acting as gatekeepers to engage in a 'rigorous three-part inquiry' assessing whether (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010). The proponent of the expert testimony bears the burden of showing, by a preponderance of the evidence, that the testimony satisfies each of these requirements. *Id.*

Here, Plaintiffs do not challenge Dr. Levine's qualifications or the reliability of his methods in reaching his opinions. *Id.* at 4. Instead, "Plaintiffs challenge Dr. Levine's opinions regarding [Plaintiffs'] medical history based on the helpfulness prong," of the three-part inquiry set out above. *Id.* Plaintiffs assert Dr. Levine's

2

testimony regarding Plaintiffs' medical conditions and treatment is not helpful because the medical necessity of Plaintiffs' procedures is not relevant.

The testimony at issue concerns Section VII of Dr. Levine's expert report, ECF No. 87 at 26–30, which sets out Dr. Levine's impressions of and opinions concerning Plaintiffs' claims for relief. Dr. Levine offers broad statements concerning individuals with gender dysphoria, generally, as well as professionals who follow the WPATH guidelines. Dr. Levine also summarizes his review of Plaintiffs' medical histories and his opinions concerning the medical necessity of the treatments they are seeking. Finally, Dr. Levine speculates as to some of Plaintiffs' motivations for pursuing particular treatments and details his "concerns" about the Plaintiffs' treating doctors' approach toward their care.

Plaintiffs assert these opinions will not assist the jury in deciding the issues in this case because medical necessity is not the issue—instead, Plaintiffs assert their claims concern the allegedly discriminatory nature of Defendants' policy to exclude coverage for gender-affirming health care and whether this exclusion amounts to illegal employment discrimination under Title VII and/or violates Plaintiffs' constitutional right to equal protection under the Fourteenth Amendment. Plaintiffs also point out that, while Dr. Levine highlights his "concerns" with Plaintiffs' doctors' recommendations in his expert report, his deposition testimony is, at best, inconclusive as to whether he disagreed with the Plaintiffs' doctors on their

treatment decisions. *See* ECF No. 143 at 7 (quoting Dr. Levine's deposition testimony concerning whether he believed Ms. Claire's physician erroneously determined that her procedure is appropriate) ("I'm saying it may not be correct. I am not saying it's wrong.").

Defendants agree that portions of Dr. Levine's challenged opinions are objectionable—namely, his speculation that one of the Plaintiffs may be "surgery seeking . . . for attention and or [opioid] dependence." *See* ECF No. 146 at 5 n.2 ("Defendants agree that they will not seek to introduce testimony about Plaintiffs potentially being surgery or opioid seeking.") and ECF No. 87 at 28. However, Defendants respond that, for purposes of challenging Plaintiffs' claims for damages, they "are entitled to proffer expert testimony establishing that the treatment [Plaintiffs] seek is not necessary or effective, and that their inability to obtain the gender reassignment procedures at issue is not the cause of their emotional distress." ECF No. 146.

This Court agrees with Defendants that, generally, Defendants may challenge Plaintiffs' evidence for damages by offering expert testimony on particular issues. For instance, Defendants may seek to admit evidence that Plaintiffs are not actually eligible for the treatment they seek, that any mental anguish they have suffered since the denial of coverage was the result of some other intervening cause, or that Plaintiffs failed to mitigate damages by seeking other treatments that are covered by

4

their employer's insurance. At this juncture, however, Defendants' showing with respect to Dr. Levine's opinions is inconclusive.

Here, instead of directly challenging Plaintiffs' eligibility for treatment or offering expert testimony that Plaintiffs' treatments are medically contraindicated, Dr. Levine challenges the wisdom of Plaintiffs' doctors' recommendations even when he admits that a Plaintiff is eligible for the treatment at issue. Moreover, Dr. Levine testified at deposition that he was not offering an opinion that any of the Plaintiffs' physicians were "wrong" when they determined that the sought-after procedures were appropriate for each Plaintiff. ECF No. 143 at 7. There is a difference between (1) testifying to a degree of medical certainty that surgery is contraindicated for identifiable reasons and (2) suggesting that, although a Plaintiff may be eligible for surgery, it would be unwise to proceed with the treatment because you suspect the Plaintiff has ulterior motives for seeking treatment or that you have a different philosophy when it comes to treating gender dysphoria.

Accordingly, Plaintiffs' motion, ECF No. 143, is **GRANTED in part** and **DENIED in part**. This is NOT a definitive ruling under Federal Rule of Evidence 103(b). At trial, Defendants are prohibited from eliciting testimony from Dr. Levine regarding his speculation about Plaintiffs' motivations for seeking the treatments at issue. Before offering Dr. Levine's testimony to challenge Plaintiffs' evidence of damages, Defendants must proffer the specific testimony that they seek to introduce

and this Court will revisit the issue; at this time, however, Defendants have not convinced this Court that the challenged portions of Dr. Levine's testimony as framed are admissible as to the issue of Plaintiffs' damages.

**SO ORDERED on October 20, 2021.**

<u>**s/Mark E. Walker**</u>
**Chief United States District Judge**