IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JAMI CLAIRE,** *et al.***,**

    *Plaintiffs***,**

v.                                            Case No.: 4:20cv20-MW/MAF

**FLORIDA DEPARTMENT OF
MANAGEMENT SERVICES,** *et al.***,**

    *Defendants***.**

_____/

**<u>ORDER STAYING CASE PENDING EN BANC REHEARING OF *LANGE*</u>**

Two weeks after this Court ruled on the pending cross-motions for summary judgment, the Eleventh Circuit vacated the panel opinion on which this Court relied and granted a petition for rehearing *en banc*. *See Lange v. Houston Cnty.*, 110 F. 4th 1254 (11th Cir. 2024). Subsequently, this Court ordered the parties to brief, among other things, the effect the Eleventh Circuit's decision to vacate the *Lange* panel opinion pending rehearing *en banc* has on Plaintiffs' remaining Title VII claims moving forward. ECF No. 179. This Court has now considered, without hearing, the parties' supplemental briefing, ECF Nos. 182, 183, and 186.

This Court recognizes it has taken years to get this case to trial. However, judicial economy demands that this Court stay this action pending resolution of the *en banc* rehearing in *Lange*. The panel opinion this Court relied upon in ruling on

the parties' cross-motions for summary judgment is nearly on all fours with the facts of this case. As Defendant DMS persuasively argues, the eventual *en banc* holding in *Lange* will be controlling in this case. If the Eleventh Circuit reaches a decision contrary to the opinion expressed in the panel opinion, this Court's analysis at summary judgment will need to be revisited.

Not only could it potentially be a waste of this Court's time and the parties' efforts to prepare for a trial in this case, but, more importantly, it could be a waste of the public's time and money. This Court is not going to inconvenience members of the public and call them in for jury duty, forcing them to give up their time and pay in exchange for the nominal compensation this Court provides, when the ultimate outcome could be reversed in light of the *en banc* decision in *Lange*. No matter the ultimate outcome in *Lange*, this Court is not going to gamble with the public's time and money.

Accordingly, Defendants' request to stay this action is **GRANTED**. This case is **STAYED** pending resolution of the Eleventh Circuit's *en banc* rehearing in *Lange*.

**SO ORDERED on October 23, 2024.**

                                              s/Mark E. Walker
                                              **Chief United States District Judge**