IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMI CLAIRE, *et al.*,

    *Plaintiffs*,

v.                                  Case No.: 4:20cv20-MW/MAF

FLORIDA DEPARTMENT OF
MANAGEMENT SERVICES, *et al.*,

    *Defendants*.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION

This Court has considered, without hearing, Defendants' motion for reconsideration of this Court's prior Order on cross-motions for summary judgment based on the Eleventh Circuit's *en banc* ruling in *Lange v. Houston Cnty., Ga.*, 152 F.4th 1245 (11th Cir. 2025), ECF No. 191, Plaintiffs' response in opposition, ECF No. 196, and Defendants' reply, ECF No. 199. For the reasons set out below, the motion for reconsideration is **GRANTED in part and DENIED in part.**

By prior Order, this Court determined that Plaintiffs were entitled to summary judgment as to Defendant DMS's Title VII liability inasmuch as Plaintiffs had demonstrated, without dispute, that DMS's health insurance plan exclusion for gender reassignment or modification services and supplies facially discriminated

against Plaintiffs on the basis of sex in violation of Title VII. *See* ECF No. 177 at 16. In so ruling, this Court applied the published panel decision in *Lange v. Houston Cnty., Ga.*, 101 F.4th 793 (11th Cir. 2024), which the parties agreed was on point and controlling authority at the time this Court ruled on the parties' cross-motions. *See* ECF No. 177 at 13. Since that time, the Eleventh Circuit reheard *Lange*, *en banc*, and issued a contrary ruling that now binds this Court. In short, the Eleventh Circuit now holds that an employer-provided health insurance policy that excludes coverage for drugs or services provided for sex change surgery does not facially discriminate on the basis of sex in violation of Title VII.

When Plaintiffs originally moved for partial summary judgment, they argued only that the state plan exclusion that they challenge in this case facially discriminates on the basis of sex and therefore violates Title VII. *See* ECF No. 123 at 38. This Court is not persuaded by Plaintiffs' attempts to now distinguish the coverage exclusion at issue in *Lange* from the state plan exclusion at issue in this case, particularly considering Plaintiffs' insistence that the underlying facts were factually analogous at the time this Court granted Plaintiffs' motion for partial summary judgment as to the Title VII claim. *See* ECF No. 173 at 11 ("The factual record in this case is consistent with the essential facts discussed by the Eleventh Circuit in *Lange*."). Accordingly, Plaintiffs' motion for partial summary judgment based solely on the theory that the challenged state plan exclusion facially

discriminates against Plaintiffs in violation of Title VII is due to be denied in light of the Eleventh Circuit's *en banc* decision in *Lange*.

But this does not mean that Defendant DMS's cross-motion for summary judgment on Plaintiffs' Title VII claim is automatically granted in light of *Lange*. As Plaintiffs point out, the Eleventh Circuit's *en banc* decision in *Lange* only considered whether the employer-provided health insurance policy facially discriminated against the transgender employee but did not otherwise consider whether circumstantial evidence supported the transgender employee's disparate treatment claim under Title VII. Here, although Plaintiffs framed their Title VII claim in their amended complaint as one based on a facially discriminatory policy, they also argued, in response to Defendant DMS's cross-motion for summary judgment, that circumstantial evidence permits a reasonable inference that the state plan exclusion discriminates against Plaintiffs on the basis of sex—namely, the facts that each Plaintiff was denied coverage because they sought gender reassignment and that DMS looked to their third-party administrators' gender dysphoria guidelines to determine which treatments are excluded from coverage under the state plan exclusion. *See* ECF No. 136 at 24. But, given that the state plan exclusion is no longer considered to be discriminatory on its face, Plaintiffs fail to explain how undisputed evidence that DMS has applied the state plan exclusion to deny coverage

3

for Plaintiffs' excluded treatments constitutes circumstantial evidence of discrimination on the basis of sex.

Nonetheless, Plaintiffs attempt to make out a convincing mosaic giving rise to an inference of discrimination by pointing to the fact that nobody from DMS appears to know why the gender reassignment exclusion was added to the plan in the 1970s and that DMS has not recommended that the Legislature remove the exclusion. But, again, the fact that DMS employees cannot articulate the basis for excluding particular health services and equipment from coverage for all employees and have not lobbied the Legislature to change a facially neutral policy does not give rise to a reasonable inference that DMS intended to discriminate against Plaintiffs by enforcing the facially neutral state plan exclusion to deny coverage for their excluded treatment. In short, the problem with Plaintiffs' attempts to identify circumstantial evidence giving rise to a reasonable inference of sex discrimination lies with the way this case has been litigated from the start. This case was always about whether the challenged state plan exclusion is a facially discriminatory policy that violates Title VII. *See* ECF No. 34 ¶¶ 223, 224. In other words, the question was whether DMS relied upon a formal, facially discriminatory policy requiring adverse treatment of employees on the basis of sex. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

4

Only in response to DMS's cross-motion for summary judgment did Plaintiffs pivot and address whether circumstantial evidence would support a claim for disparate treatment. In other words, whether DMS may have been motivated by Plaintiffs' sex "on an ad hoc, informal basis." *Hazen Paper Co.*, 507 U.S. at 610. But in their attempts to show what circumstantial evidence supports their Title VII claim, Plaintiffs continue to simply attack the formal policy at issue—citing undisputed evidence that DMS has excluded coverage for gender reassignment services and supplies since the 1970s, and, based on this formal policy, Plaintiffs were denied coverage for their respective surgeries. In other words, Plaintiffs contend that the enforcement of a facially neutral policy against them must be discriminatory, although Plaintiffs cite no evidence giving rise to an inference that the policy has been enforced against them in a discriminatory way. Inasmuch as the plan exclusion is not now considered facially discriminatory, Plaintiffs have failed to identify other record evidence that permits a reasonable inference of discrimination.

Notwithstanding a chorus of dissenting judges, the Eleventh Circuit has made plain that an employer's decision to exclude health insurance coverage for medically necessary treatment that only transgender individuals would require does not amount

5

to a facially discriminatory policy under Title VII.[1] This Court is bound to follow that ruling. Accordingly, for the reasons set out above, Defendants' motion for reconsideration, ECF No. 191, is **GRANTED** to the extent Defendants ask this Court to reconsider its Order granting Plaintiffs' motion for partial summary judgment with respect to the Title VII claim against DMS. Defendant DMS has also demonstrated that, under *Lange*, the challenged state plan exclusion is not facially discriminatory, and Plaintiffs have otherwise failed to identify record evidence giving rise to a reasonable inference that DMS was motivated by Plaintiffs' sex when it denied coverage for their respective treatments pursuant to the state plan exclusion. Defendant DMS is therefore entitled to summary judgment on Plaintiffs' Title VII claim, Count I. The balance of Defendants' motion for reconsideration, ECF No. 191, is **DENIED as moot** to the extent Defendants seek additional relief on other claims this Court has already dismissed.

One final note before this Court directs the Clerk to enter judgment. This Court previously dismissed Plaintiffs' remaining Equal Protection claim, Count V, for lack of standing. ECF No. 177 at 2. Plaintiffs' attempt to reargue this point in response to Defendants' motion for reconsideration is misplaced. *See* ECF No. 196 at 27. There has been no "factual misunderstanding." *Id*. Instead, Plaintiffs have

---

[1] Although it is of no moment, this Court finds the analyses advanced by the dissenting judges following *en banc* rehearing of *Lange* to be highly persuasive. But the majority opinion is the law of the Circuit, and this Court must apply it in this case.

reframed their challenge to the state plan exclusion—as alleged in their amended complaint—to also lump in a challenge to the cosmetic procedure exclusion—which they did not challenge in the amended complaint. As this Court previously explained, inasmuch as Plaintiffs' Equal Protection claim, as alleged, only challenges the state plan exclusion, this Court could not order any relief that would likely redress Plaintiff Lane's injury because DMS would be free to exclude coverage for her facial feminization surgery based on the unchallenged cosmetic procedure exclusion. Thus, this Court declines Plaintiffs' invitation to reconsider its prior ruling on this point.

Accordingly, for all these reasons, and based on this Court's prior Order dismissing Plaintiffs' claims against their respective employers, ECF No. 95, this Court directs the Clerk to enter judgment stating, "Counts II, III, IV, V, VI, VII, and VIII are **DISMISSED for lack of standing**. Count I is **DISMISSED with prejudice**." The Clerk shall close the file.

**SO ORDERED on January 5, 2026.**

                                                       s/Mark E. Walker  
                                                       **United States District Judge**