UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JAMI CLAIRE, KATHRYN LANE,
and AHMIR MURPHY**

**Plaintiffs,**

v.                                                              CASE NO. 4:20-cv-0020-MW-CAS

**FLORIDA DEPARTMENT OF
MANAGEMENT SERVICES and
PEDRO ALLENDE, in his official
Capacity as Secretary of the Florida
Department of Management Services.**

**Defendants.**
_____ /

## DEFENDANTS' MOTION FOR DETERMINATION OF ENTITLEMENT TO LIMITED ATTORNEY'S FEES

Defendants, Florida Department of Management Services (DMS) and Pedro Allende[1] in his official capacity as Secretary of DMS (collectively "Defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 54(d)(2), Local Rule 54.1(A) and 42 U.S.C. § 1988, hereby move to establish entitlement to limited attorney fees. In support, Defendants state as follows:

---

[1] As of December 23, 2025, Tom Berger is the Interim Secretary for the Florida Department of Management Services.

## BACKGROUND FACTS

Plaintiffs, Jami Claire, Kathryn Lane, and Ahmir Murphy, sued for violation of Title VII of the Civil Rights Act of 1964 against DMS (Count I) and violation of the Equal Protection Clause pursuant to §1983 against Allende (Count V) in January of 2020. (ECF 1, 34.) Defendants answered Plaintiffs' Amended Complaint, engaged in discovery, and then filed motions for summary judgment in early 2021. (ECF 123, 125.) At the direction of this Court, over the next few years, the parties filed numerous supplemental briefs to argue the dispositive impacts of various appellate opinions relevant to Plaintiffs' Title VII and Equal Protection Clause claims.

During the briefings initiated in May of 2024 (ECF 164), Plaintiffs asserted that a recent Eleventh Circuit opinion regarding a similar health plan exclusion for sex change procedures – *Lange v. Houston Cnty., Ga.*, 101 F.4th 793, 798-99 (11th Cir. 2024) – was analogous and controlling in this action. (ECF 170 p. 3-6.)[2]

---

[2] *See also* (ECF 173 p. 8-11) ("Lange is binding precedent."… "The Lange decision addresses a substantially identical Title VII claim by a transgender employee in Georgia." " Lange holds that employee benefit plans that exclude "[d]rugs for sex change surgery" and "[s]ervices and supplies for a sex change and/or the reversal of a sex change" facially discriminate against transgender employees in violation of Title VII. *Lange v. Houston County*, 101 F.4th at 793, 798-99 (11th Cir. 2024). That is what Florida's employee benefit plans do as well: the Exclusions prohibit coverage for 'gender reassignment and modification services and supplies' and 'sexual reassignment, or modification services or supplies' as well as prescriptions for 'psychosexual disorders.'")

Defendants agreed that *Lange* opinion was presently controlling precedent. (ECF 171 p. 6-7.) Subsequently, this Court granted Plaintiffs' motion for summary judgment, relying almost exclusively on the rationale articulated in *Lange* (ECF 177 p. 14) holding that "as Plaintiffs correctly point out, *Lange* is binding regardless of whether the mandate has issued," and that "this Court is bound to follow *Lange*." (ECF 177 p. 13-14.)

Shortly after the Court's ruling, on August 15, 2024, the Eleventh Circuit granted a petition to rehear *Lange en banc* and simultaneously vacated the original *Lange* panel opinion relied on by this Court in granting Plaintiffs' motion for summary judgment. *Lange v. Houston Cnty., Georgia*, 110 F.4th 1254 (11th Cir. 2024). On October 23, 2024, this Court stayed the present action pending resolution of the *en banc* rehearing in *Lange*. (Doc. 187.) In reaching its decision to stay, the Court noted that "[t]he panel opinion this Court relied upon in ruling on the parties' cross-motions for summary judgment is nearly on all fours with the facts of this case. As DMS persuasively argued, the eventual *en banc* holding in *Lange* will be controlling in this case." (Doc. 187 p. 2.)

---

(ECF 175 p. 1, 3-4 n. 3) ("Each Plaintiff has a Title VII claim, and these claims are controlled by *Lange v. Houston Cnty.*, 101 F.4th at 793, 798-99 (11th Cir. 2024)".)

On September 9, 2025, the Eleventh Circuit published its *en banc* opinion, reversing the original holding in *Lange*. (*Compare Lange v. Houston Cnty., Georgia*, 110 F.4th 1254 (11th Cir. 2024) *with Lange v. Houston Cnty., Ga.*, 152 F.4th 1245 (11th Cir. 2025). Specifically, the now-binding Eleventh Circuit *en banc* opinion rejected all of the same arguments Plaintiffs raised in this case. 152 F. 4th at 1251-55.

Subsequently, this Court directed the parties to "confer and file a joint status report with respect to the status of this case going forward in light of the recent *en banc* decision in *Lange*." (ECF 189.) Because the *en banc* opinion in *Lange* was no longer beneficial to Plaintiffs' position, Plaintiffs did not agree with Defendants that the Court's prior order on the summary judgment motions needed to be revised to align with the new *Lange* opinion. Plaintiffs' new position on the dispositive nature of the *Lange* case resulted in the parties submitting a new briefing schedule on October 1, 2025. (ECF 190.)

Defendants filed a motion for reconsideration of the Order granting Plaintiffs' motion for summary judgment. (ECF 191.) In response, Plaintiffs filed a response in opposition (ECF 196) asserting that *Lange* was not controlling because it was factually distinguishable. This was in direct conflict with their previous position that Lange was controlling, as well as this Court's prior findings that Lange controlled. (ECF 177 p. 14; ECF 187 p. 2.) Subsequently, Defendants were required to file a

4

reply (ECF 199) to Plaintiffs' response in opposition (ECF 196) to explain why the Court should follow the binding opinion in *Lange*.

In their response, Plaintiffs attempted to point out "facial distinctions" between the health plan exclusion at issue in *Lange* and the State Health Plan exclusion at issue in their own action. Specifically, Plaintiff asserted that the *en banc* opinion addressed the narrower question of whether the insurance policy at issue in *Lange* facially violated Title VII of the Civil Rights Act by not covering plaintiff Lange's sex change surgery. (ECF 196 p. 3.)

Contrary to their argument, this Court originally held in Plaintiffs' favor on this exact issue, relying almost entirely on the original *Lange* opinion in reaching this conclusion. (ECF 177 p. 11, 14-16.) When the Eleventh Circuit issued its *en banc* opinion, it adopted the very arguments Defendants had been raising throughout the litigation, establishing that health plan exclusions relating to medical treatments are not facially discriminatory based on sex. (ECF 171 p. 11; ECF 172 p 2-7; ECF 174 p. 12; ECF 183 p. 2-3.)

Plaintiffs also unpersuasively attempted to argue that even though the Plan may not be facially discriminatory, the record contained evidence of discriminatory intent. (ECF 196 p. 16-18, 20-25.) Specifically, Plaintiffs made the circular argument that DMS' actions in applying the Plan exclusions (which *Lange* held were not factually discriminatory) was somehow evidence of discriminatory intent. (ECF 200

5

p. 3-4.) Further, Plaintiffs attempted to collaterally challenge the cosmetic procedure exclusion under the equal protection clause, which claim this Court previously dismissed for lack of standing. (ECF 177; ECF 196 p. 26-31.)

The Court rejected Plaintiffs' arguments and granted Defendants' motion for summary judgment. (ECF 200.) Specifically, the Court noted that the parties had agreed that *Lange* was controlling authority at the time the Court initially ruled on the cross-motions (ECF 200 p. 2 citing 177 p. 13), and that Plaintiffs had previously insisted that "the underlying facts [in *Lange*] were factually analogous…" to the present case. (ECF 200 p. 2 citing ECF 173 p. 11.)

## MEMORANDUM OF LAW AND ARGUMENT

### A.     Defendants are the prevailing party in this action.

42 U.S.C. § 1988 provides in pertinent part: "In any action or proceeding to enforce a provision of section … [1983] … , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. 42 U.S.C. § 1988." Title VII adopts the same prevailing party attorney fee provisions at Title VI of the Civil Rights Act of 1964. *See* 29 U.S.C. § 794(a)(2).

In the Eleventh Circuit, "there are two requirements for a party to reach prevailing party status. First, the party must be awarded some relief on the merits of its claim by the court. Second, the party must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties." *Royal*

6

*Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372 (11th Cir. 2022). (Internal citations omitted.) *See also*, *Beach Blitz Co. v. City of Miami Beach, Florida*, 13 F.4th 1289, 1297-98 (11th Cir. 2021) (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 430-431 (2016)). A party defending a claim, however, has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed." *Royal Palm Properties*, 38 F.4th at 1381. A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). *See Griffin v. Motorsport Games Inc.*, No. 24-CV-21929, 2025 WL 2659675 (S.D. Fla. Sept. 17, 2025) (finding the defendant the prevailing party where court granted defendant's motion for summary judgment in cross-motions for summary judgment context and dismissing the case with prejudice.)

Since this case was resolved with an order granting Defendants' motion for summary judgment and entering judgment in favor of Defendants, Defendants are considered the prevailing party in this action and are entitled to seek attorney's fees to which they may be entitled.

**B.    Defendants are entitled to attorney's fees for all efforts in defense of defense Plaintiffs' Title VII and Section 1983 claims following the *en banc Lange* opinion.**

For a defendant to recover attorney's fees under 42 U.S.C. § 1988, a court must find "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). A district court must determine "whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately unsuccessful." *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137 (5th Cir. 1981). Additionally, A court must view the evidence in the light most favorable to the non-prevailing plaintiff in making this decision. *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir. 2003).

> **1. Plaintiffs' continued efforts to prosecute the case after the *en banc Lange* opinion were objectively unreasonable and without legal foundation.**

The Eleventh Circuit has held that three factors are important in determining whether a claim is objectively unreasonable, without legal foundation or frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). Typically, when a plaintiff cannot establish a prima facie case, the defendant does not offer to settle the claim and the defendant prevails as a matter of law before trial; and these factors weigh in favor of finding

that the claims are objectively unreasonable. *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1303 (11th Cir. 2021). The Eleventh Circuit also added a fourth factor in *Beach Blitz*, which it describes as "particularly important: "whether there was enough support for the claim to warrant close attention by the court." *Id*. at 1302. The frivolity of a claim must be determined on a case-by-case basis. *Id*.

In applying the *Sullivan* factors, a district court must determine "whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately unsuccessful." *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137 (5th Cir. 1981). A court must view the evidence in the light most favorable to the non-prevailing plaintiff in making this decision. *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir. 2003). However, a defendant may be entitled to recover attorney's fees from the time the plaintiff should have known that she could not prove her claim. *See e.g., E.E.O.C. v. Peoplemark, Inc.*, 732 F.3d 584, 593 (6th Cir. 2013).

All of the *Sullivan* factors weigh in favor of Defendants. First, after issuance of the *en banc Lange* decision, Plaintiffs could no longer establish a prima facie case in support of their facial discrimination claim under Title VII. Moreover, throughout the entire litigation, Plaintiffs were unable to establish a prima facie case of disparate treatment discrimination under Title VII or of any Equal Protection violation.

9

Plaintiffs failed to demonstrate that the State Health Plan was facially discriminatory or establish a convincing mosaic of circumstantial evidence demonstrating Defendants' intent to discriminate against them on the basis of their sex. (ECF 200.) Second, Defendants did not make any meaningful monetary settlement offers to Plaintiffs. Third, Defendants obtained a favorable judgment from the Court prior to trial.

As to the fourth factor added by *Beach Blitz*, while this case did require the Court's close attention for a lengthy period of time, this was no longer the case once the *en banc Lange* opinion was published. The Court and the parties were all in agreement that *Lange* was analogous and would be dispositive on whether Defendants' State Health Plan exclusion was facially discriminatory. (ECF 170 p. 3-6; Doc. 187 p. 2.) Once the *en banc Lange* opinion was published, it became clear that Plaintiffs' legal position lacked merit and that factually Plaintiffs could not prove their case.

Plaintiffs were on notice that their action became frivolous, unreasonable, and without foundation upon the publication of the *en banc Lange* opinion in light of the existing record. Notwithstanding, Plaintiffs chose to continue litigating the case despite their own prior acknowledgement that *Lange* was controlling and dispositive in this action.

Plaintiffs continued to litigate this action when it became unreasonable and futile in light of the *en banc Lange* opinion. As such, Defendants are entitled to attorneys' fees and costs relating to their defense of the case after the Eleventh Curcuit's issuance of the *en banc Lange* opinion, including their costs in preparing the Motion for Reconsideration (ECF 191) and Reply to Plaintiffs' Response in Opposition to Defendant's Motion for Reconsideration. (ECF 199.)

WHEREFORE, Defendants respectfully ask this Court to grant its motion establishing entitlement to attorney's fees.

Respectfully submitted this 20th day of January 2026.

                HENRY BUCHANAN, P.A.

                *s/ Miriam R. Coles*
                MIRIAM R. COLES
                Florida Bar No. 58402
                mcoles@henryblaw.com
                Post Office Drawer 14079
                Tallahassee, Florida 32317-4079
                (850) 222-2920: Telephone
                (850) 224-0034: Facsimile
                *Counsel for Defendants*

## **CERTIFICATE OF WORD COUNT**

Pursuant to N.D. Loc. R. 7.1(F), the above motion contains 2,568 words, which includes the heading footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

## CERTIFICATE OF COMPLIANCE

Pursuant to the Local Rules of procedure, prior to filing this motion, the undersigned counsel contacted Plaintiffs' counsel via telephone to determine whether they oppose or consent to this motion. Plaintiffs oppose the requested relief.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January 2026, a true and correct copy of the foregoing filed with the Court utilizing the CM/ECF system, which will transmit a notice of electronic filing to all counsel of record.

                                        *s/Miriam R. Coles*
                                        ATTORNEY