**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

JAMI CLAIRE et al.,

      Plaintiffs,

vs.                                        Case No. 4:20-cv-00020-MW/MAF

  FLORIDA DEPARTMENT OF
  MANAGEMENT SERVICES et al.,

      Defendants.

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**MOTION FOR DETERMINATION OF**
**ENTITLEMENT TO LIMITED ATTORNEY'S FEES**

Defendants filed a Motion for Determination of Entitlement to Limited Attorney's Fees based on their argument that Plaintiffs' legal position became "frivolous, unreasonable, and without foundation" upon the publication of the *en banc Lange* majority opinion on September 9, 2025. (ECF 203.) For the reasons explained below, Plaintiffs respectfully request that this Court deny Defendants' motion.

**I.     Procedural History of the Case**

Plaintiffs filed this case in January 2020, and the parties completed the briefing on their motions for summary judgment in March 2021. There were two rounds of supplemental briefing, one in October 2021 (Docs. 153-155)

1

and one in January 2023 (Docs. 158-161). Then, based on this Court's own assessment of the unusual length of time the case had been pending, there was a final round of supplemental briefing ordered in April 2024. (Doc. 164, at 1) ("This Court recognizes that the cross-motions for summary judgment in this case have been pending for longer than usual for most cases on this Court's docket. Given the passage of time and the development of law in this Circuit and elsewhere concerning some of the claims at issue in this case, this Court offers the parties a final opportunity to file supplemental briefs on any issue now pending before this Court before it takes the motions under advisement.").

While the parties were engaging in this round of supplemental briefing, the Eleventh Circuit issued the *Lange* panel opinion, *Lange v. Houston Cnty., Ga.,* 110 F.4th 1254 (11th Cir. 2024), *rev'd en banc*, 152 F.4th 1245 (11th Cir. 2025), which supported Plaintiffs' Title VII claims. The Court directed the parties to brief the recent Eleventh Circuit decision's "effects, if any, on Plaintiffs' claims and the parties' positions in the pending cross-motions for summary judgment." (ECF 167, at 1.) Rather than conceding that the *Lange* case was dispositive of Plaintiffs' Title VII claims, as their Motion for Attorney's Fees argues would be the non-frivolous position, Defendants devoted substantial portions of their supplemental brief and response brief

2

to explaining why *Lange* was not dispositive and why the Court should ignore this binding precedent. (Doc. 171, at 6 (the Eleventh Circuit in *Lange* "misapplied existing Title VII precedent and disregarded United States Supreme Court precedent"), *id.* at 16-23 (subheading (B): "*Lange* was wrongly decided"); Doc. 172, at 2-8 (6 pages of argument concluding that "*Lange* improperly extends the holding of *Bostock* beyond the statutory language of Title VII.")).

On August 1, 2024, this Court issued an order on the parties' cross-motions for summary judgment, granting Plaintiffs' Title VII claim against Defendant DMS. (Doc. 177.) Plaintiffs' Equal Protection claim was denied due to the procedural issue of lacking standing,[1] and not on the substantive legal merits of the case.

Shortly thereafter, the Eleventh Circuit agreed to hear the *Lange* case en banc, and this Court stayed this case. (Doc. 187.) In addition to the majority opinion, the *Lange* en banc court issued two concurring opinions and three separate dissenting opinions. *Lange v. Houston Cnty., Ga.,* 152 F.4th 1245 (11th Cir. 2025) (en banc). After the en banc decision came down,

---

[1] Due to the case pending on the Court's docket "for longer than usual for most cases" (Doc. 164, at 1), and the evolving legal landscape necessitating multiple rounds of supplemental briefing, Plaintiffs Claire and Murphy were no longer employed by the State of Florida at the time of the order, nearly five years after the filing of this case (Doc. 177, at 2).

this Court requested a status report as to how the case would proceed. (Doc. 189.)

The Joint Status Report laid out Defendants' position: that *Lange* "require[d] reconsideration of the Court's previous Order on summary judgment." (Doc. 190, at 1.) Because the order granting Plaintiffs' motion for summary judgment remained the operative order (Doc. 177), Defendants decided to file a Motion for Reconsideration based upon the en banc *Lange* majority opinion. (Doc. 191.) Plaintiffs then responded to Defendants' motion (Doc. 196), pursuant to the three points Plaintiffs laid out in the Joint Status Report, which included, but was not limited to, distinguishing the *Lange* majority opinion (Doc. 190, at 1-2). Defendants then chose to file a Reply (Doc. 199) pursuant to the due date they had requested in the Joint Status Report,[2] and which Plaintiffs had agreed to because of professionalism and judicial efficiency.[3]

---

[2] Defendants' argument in their Motion for Attorney's Fees claims that "Defendants were ***required*** to file a reply" to "explain why the Court should follow the binding opinion in *Lange.*" (Doc. 203, at 4-5). As stated above, Defendant chose to file the initial Motion for Reconsideration, and chose to include a Reply brief in the briefing schedule proposed to the Court; Defendants were not "required" to do this. Further, a Reply was not needed to "explain why the Court should follow the binding opinion in *Lange,*" as that was the entire purpose of their Motion for Reconsideration.

[3] N.D. Fla. Local Rule 7.1(I), requires a party to file a motion for leave from the Court to file a reply memorandum, which the Court may grant in "extraordinary circumstances."

4

## II.    Legal Standard for Determining Frivolousness

Plaintiffs do not dispute that Defendants are considered the prevailing party as this Court's order on Plaintiffs' claims under section 1983 and Title VII ultimately were not favorable to them. (Doc. 200.) However, unlike when plaintiffs prevail, defendants are only entitled to seek attorneys' fees when plaintiffs' claims were "frivolous, unreasonable, or groundless." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Defendants assert that Plaintiffs' efforts to distinguish the en banc opinion in *Lange* was so frivolous, unreasonable and without foundation that an award of fees to Defendants is warranted. (Doc. 203, at 10-11.) Defendants are not correct.[4] The en banc *Lange* opinion was new law, and Plaintiffs' good faith attempts to distinguish it factually and legally were warranted, even if not successful. As the Supreme Court has noted, "the law may change or clarify in the midst of litigation." 434 U.S. at 422.

Losing a case alone is not sufficient for fees to be awarded to a defendant. *Id.* ("assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most

---

[4] In addition to the reasons set forth in this Response, Plaintiffs note that Defendants did allege nor mention that Plaintiffs' arguments were "frivolous" anywhere in their Motion for Reconsideration (Doc.191) nor in their Reply to Plaintiffs' Response (Doc. 199).

litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII"); *see also EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 517 (4th Cir. 2012) (Congress sought to encourage vigorous prosecution of meritorious Title VII actions by making it easier to bring them, but it also wanted to deter frivolous lawsuits; accordingly, the Supreme Court held that prevailing defendants may obtain attorneys' fees only if the claim was frivolous, unreasonable, or groundless).

Whether a case is determined to be frivolous is made on a case-by-case basis. *Sullivan v. School Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985). The Eleventh Circuit has set forth several factors to consider in determining whether a case is frivolous. It has noted that "in the cases in which we have sustained findings of frivolity, plaintiffs have typically failed to 'introduce any evidence to support their claims.'" *Id*. Other factors include: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id*. An additional consideration is "whether there was enough support for the claim to warrant close attention by the court." *Beach Blitz Co. v. City of Miami Bch.,* 13 F.4th 1289, 1302 (11th Cir. 2021). Similarly, the *Christiansburg Garment Co.* Court affirmed the District Court's decision to deny fees on the basis that the

6

prevailing issue was one of first impression requiring judicial resolution, thus it was not frivolous. 434 U.S. at 423-24.

## III. Plaintiffs' Response to the Motion for Reconsideration Was Not Frivolous

The *Sullivan* factors are "general guidelines only, not hard and fast rules." 773 F.2d at 1189. Examining these factors in light of the procedural history of this case, the Motion should be denied. Plaintiffs did not act frivolously, unreasonably, or without foundation, and Defendants are not entitled to attorney's fees.

### A.    Whether this Case Required Close Attention by the Court

The factor that is "particularly important" is whether the case required careful attention and review by the Court. *See Beach Blitz*, 13 F.4th at 1302. A district court abuses its discretion in awarding fees when claims warrant close attention, "even when the other guideposts pointed toward finding the claim frivolous." *Id.* (citing *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181-82 (11th Cir. 2005)).

This Court has given careful and close attention to the theory of liability underlying Plaintiffs' claims for over five years. (Doc. 177.) *See supra* § I. After the en banc decision came down, Defendants decided to file a Motion for Reconsideration based upon the en banc *Lange* majority opinion. (Doc. 191.) Plaintiffs' response endeavored to distinguish *Lange* from this case

7

(Doc. 196), in addition to briefing additional outstanding issues before the Court.[5] This Court ultimately rejected those arguments and granted Defendants' motion for reconsideration as to Title VII. (Doc. 200.) In doing so, this Court considered Plaintiffs' arguments in this complicated and evolving case. While it is true that Plaintiffs had previously argued that the now-vacated *Lange* panel opinion was controlling in this case,[6] that opinion was very different from the en banc opinion and it was important for Plaintiffs

_____

[5] Plaintiffs' Response also detailed the substantive arguments raised in the parties' Supplemental Briefings (Docs. 182, 183, 186) that the Court had not yet weighed in on, clarified Defendants' misconstruing of the factual record, analyzed alternative theories of liability not addressed by the en banc *Lange* majority opinion, and addressed the cosmetic exclusion in the context of Plaintiff Lane's Equal Protection claim. (Doc. 196, at 26-31.) Defendants seem to suggest that Plaintiffs inappropriately or unnecessarily "attempted to collaterally challenge the cosmetic procedure exclusion" (Doc. 203, at 6), when in fact Plaintiffs reasonably provided clarification regarding an outstanding question posed by this Court in its summary judgment order regarding the "same decision" defense and the cosmetic exclusion. (Doc. 177, at 2-3 & n.1)

[6] Throughout the litigation, Defendants engaged in the same activity that they now claim to be "frivolous" by Plaintiffs. Defendants **relied upon** *Lange* when the case was "beneficial to [Defendants'] position" (Doc. 125, at 20-21; Doc. 126, at 7; Doc. 135, at 10-11), then **distinguished** *Lange* and encouraged this Court not to rely upon it when it was "no longer beneficial to [Defendants'] position." (Doc. 171, at 6-7 (the Eleventh Circuit's panel decision in *Lange* "misapplied existing Title VII precedent and disregarded United States Supreme Court precedent"); Doc. 172, at 2-8 (despite acknowledging the panel decision was binding, Defendants argue that "*Lange* improperly extends the holding of *Bostock* beyond the statutory language of Title VII"); then **relied upon** *Lange* yet again once it was "beneficial to [Defendants'] position." (Doc. 191, at 3-23; Doc. 199, at 1-10). Defendants, like Plaintiffs, applied and distinguished the *Lange* case as it evolved.

to apprise this Court of those differences. The *en banc* majority left open the arguments Plaintiffs presented in its response. This Court was not persuaded by Plaintiffs' good faith attempts to distinguish the *Lange* en banc majority opinion, but it did give close attention to the arguments raised by Plaintiffs in its decision to grant Defendants' motion.

This was not a case where Plaintiffs' claims were dismissed based on "long-established precedent." *See Beach Blitz*, 13 F. 4th at 1303. Instead, the Court was forced to grapple with the claims while the binding case law was constantly shifting and changing. It required close consideration by this Court and, based upon this factor alone, the Motion should be denied.

### B.   <u>Whether Plaintiff Established a Prima Facie Case</u>

After five years of litigating this case in an ever-evolving legal landscape, this Court first concluded that Plaintiffs established a prima facie case and granted summary judgment on the Title VII claim. (Doc. 177.[7]) Not until after the Eleventh Circuit issued the *Lange* en banc opinion did this Court hold otherwise. While Plaintiffs were ultimately unsuccessful in distinguishing the en banc opinion, this is not the type of case this factor attempts to consider.

---

[7] Doc. 177, at 15 ("the exclusion of state plan health insurance coverage for gender reassignment or modification services and supplies violates Title VII as a facially discriminatory policy").

For example, *Beach Blitz,* a case in which the Eleventh Circuit found the district court did *not* abuse its discretion in awarding attorney's fees to the defendant under 42 U.S.C. § 1988, was very different. There, one claim was dismissed for lacking a single allegation to support it, and another claim failed to plead a custom and practice for municipal liability. 13 F.4th at 1302-03.[8] The instant case is unique because Plaintiffs originally pleaded a prima facie case, but the law changed after the Court issued its order on cross-motions for summary judgment, at which time Plaintiffs tried to distinguish the new case law in response to a Motion for Reconsideration filed by Defendants. In this situation, this factor clearly weighs against finding Plaintiffs' arguments frivolous and against an award of attorney's fees to Defendants.

Defendants' additional argument as to this factor, alleging that "throughout the entire litigation, Plaintiffs were unable to establish a prima facie case of disparate treatment discrimination under Title VII or of any Equal Protection violation" (Doc. 203, at 9), is as inaccurate as is it

---

[8] *Compare* with Doc. 177, at 16 ("[a]ccordingly, for the reasons set out above and pursuant to binding Eleventh Circuit authority, this Court concludes that there is no dispute of material fact with respect to Defendant DMS's liability under Title VII based on its administration of the facially discriminatory state group insurance plan and challenged exclusion for gender reassignment or modification services and supplies.").

unpersuasive. Prior to the *Lange* majority en banc opinion, this Court never even considered, no less rejected, Plaintiffs' Equal Protection claims nor their claims for disparate treatment discrimination under Title VII. Plaintiffs' Equal Protection claim was dismissed solely on standing, and, in fact, this Court explained that the principle of judicial restraint required the Court not to reach the constitutional question. (Doc. 177, at 3-4 n.2.) Plaintiffs' disparate treatment claim under Title VII was similarly not evaluated, as this Court explained that no further proof of disparate intent was needed. (*Id.* at 12-13.) The allegation that Plaintiffs failed to establish a prima facie case of disparate treatment discrimination under Title VII or any Equal Protection violation is not supported by the record.

## C.   Whether Defendants Offered to Settle

The parties discussed settlement on various occasions: they participated in a day-long mediation in February 2021; conducted informal settlement discussions after the Court initially granted summary judgment, after the *Lange* en banc opinion came down; and after the Court granted the Motion for Reconsideration). Plaintiffs acknowledge no formal settlement offers were received by the Plaintiffs since the *Lange* en banc opinion was issued in September 2025.  However, because of the unique posture of this five-year-old case and Defendants' rejection of Plaintiffs' previous efforts to

settle, this factor should be of minimal importance in determining whether the case was frivolous, and this factor does not support awarding Defendant the requested attorneys' fees.

### D.    **Whether the Trial Court Dismissed the Case Prior to Trial or Had a Full-Blown Trial on the Merits.**

This is not a situation, like in the *Beach Blitz* case, where the Plaintiffs' claims were dismissed at the pleading stage. 13 F.4th at 1293. Instead, this case was resolved at the summary judgment stage after substantial discovery, and several rounds of supplemental briefing within a changing legal landscape. Like the previous factor, in this unique circumstance, this factor should be of minimal importance in determining whether the case was frivolous and does not support awarding attorney's fees to Defendants.

## IV.    Conclusion

When the Eleventh Circuit issued its en banc *Lange* majority opinion, Plaintiffs were left to defend the order granting summary judgment on their Title VII claim. Defendants filed a motion for reconsideration, and in response, Plaintiffs endeavored to distinguish the brand-new opinion and argued why it did not mandate entry of final judgment for Defendants. Both Fed. R. Civ. P. 11 and R. Regulating Fla. Bar 4-3.1 allow attorneys to argue for the extension, modification, or reversal of existing law. That is exactly what Plaintiffs did in trying to distinguish the en banc majority opinion in

12

*Lange*. Their lack of success does not mean the arguments were frivolous. Looking at the *Sullivan* guidelines in the context of this case, Defendants have failed to show that Plaintiffs' claims were frivolous, unreasonable, or without foundation. For the reasons stated above, the Court should deny Defendants' motion for attorneys' fees.

Respectfully submitted on this 28th day of January, 2026.

*/s/ Simone Chriss*
**SIMONE CHRISS**
Fla. Bar No. 124062
simone.chriss@southernlegal.org
**JODI SIEGEL**
Fla. Bar No. 511617
jodi.siegel@southernlegal.org
Southern Legal Counsel, Inc.
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890

**DANIEL TILLEY**
Fla. Bar No. 102882
dtilley@aclufl.org
**CAROLINE MCNAMARA**
Fla. Bar No. 1038312
cmcnamara@aclufl.org
ACLU Foundation of Florida
4343 West Flagler St., Suite 400,
Miami, FL 33134
(786) 363-2714

*ATTORNEYS FOR ALL PLAINTIFFS*

**JEFFREY HEARNE**
Fla. Bar No. 512060

13

jhearne@legalservicesmiami.org
**JOCELYN ARMAND**
Fla. Bar No.44264
jarmand@legalservicesmiami.org
Legal Services of Greater Miami, Inc.
4343 W Flagler Street, Suite 100
Miami, FL 33134
(305) 438-2403

*ATTORNEYS FOR PLAINTIFF
MURPHY*

<u>**CERTIFICATE OF WORD COUNT**</u>

Pursuant to N.D. Loc. R. 7.1(F), I certify this Response to Defendants' Motion for Determination of Entitlement to Limited Attorney's Fees contains 2,862 words, which includes headings, footnotes, and quotations, but does not include case style, signature block or Certificates of Word Count and Service.

/s/ Simone Chriss
**Counsel for Plaintiffs**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed via the CM/ECF system which will send electronic notification to all counsel of record on this 28th day of January 2026.

/s/ Simone Chriss
**Counsel for Plaintiffs**