# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**JAMI CLAIRE,** *et al.,*

      *Plaintiffs,*

v.                                  **Case No.: 4:20cv20-MW/MAF**

**FLORIDA DEPARTMENT OF
MANAGEMENT SERVICES,** *et al.,*

      *Defendants.*

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES

This Court has considered, without hearing, Defendants' motion for entitlement to attorneys' fees, ECF No. 203, and Plaintiffs' response in opposition, ECF No. 206. The motion, ECF No. 203, is **DENIED** for the reasons set out below.

This case has been litigated for over six years—during which time, the legal landscape governing Plaintiffs' claims has continued to evolve. Given this length of time, two Plaintiffs' constitutional claims became moot as a result of their change in employment, and this Court did not reach a decision on the merits as to those claims. Likewise, a third Plaintiff's constitutional claim did not succeed for want of standing, and this Court necessarily did not reach the merits of this claim either.

But Plaintiffs did, initially, succeed on their Title VII claim that Florida's state plan exclusion for insurance coverage of gender reassignment or modification

services and supplies facially discriminated against Plaintiffs, in large part based on a binding Eleventh Circuit panel decision that was published while the parties' cross-motions were pending. This Court ordered the parties to brief their positions regarding the pending cross-motions after the panel decision in *Lange* was published, *see* ECF No. 167, and Defendant DMS went to great lengths to distinguish the panel decision and argued that it was wrongly decided. *See* ECF No. 171. But this Court adopted the Eleventh Circuit's reasoning as applied to the undisputed facts of this case and ruled in Plaintiffs' favor as to the Title VII claim challenging the state plan exclusion as a facially discriminatory policy. *See* ECF No. 177.

After this Court ruled on the cross-motions for summary judgment, the Eleventh Circuit voted for *en banc* rehearing in *Lange*. This case was stayed pending rehearing, ECF No. 187, and, after the Eleventh Circuit issued its *en banc* opinion, reversing course from the analysis employed in the *Lange* panel majority opinion, Defendants' moved for reconsideration of this Court's prior Order on cross-motions for summary judgment, ECF No. 191. In response to Defendants' motion, Plaintiffs argued that the *en banc* decision was distinguishable and attempted to explain how circumstantial evidence supported their claim for sex discrimination under Title VII. This Court was not persuaded by Plaintiffs' arguments and granted Defendants' motion with respect to Plaintiffs' Title VII claim in light of the *en banc* opinion in

2

*Lange*, which now binds this Court. In turn, Defendants now assert that, given the *en banc* decision, Plaintiffs' attempt to distinguish that decision from their Title VII claim in response to Defendants' motion for reconsideration was frivolous, and thus, Defendants are entitled to fees.

Ordinarily, fee awards for prevailing defendants are "permitted not routinely, not simply because [they] succeed[], but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (quoting *Carrion v. Yeshiva Univ.*, 535 F.2d 722, 727 (2d Cir. 1976)). Ultimately, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421. "Determinations regarding frivolity are to be made on a case-by-case basis." *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985).[1] And this Court

---

[1] The Eleventh Circuit identifies several factors that this Court may consider in determining whether Defendants have demonstrated that Plaintiffs' continued pursuit of their claims in response to the motion for reconsideration was frivolous, including (1) whether Plaintiffs established a prima facie case, (2) whether Defendants offered to settle and (3) whether the claims were dismissed prior to trial. But these considerations "are general guidelines only, not hard and fast rules." *Sullivan*, 773 F.2d at 1189. Given the particular circumstances and procedural posture of this case and the limited scope of Defendants' motion—namely, that only Plaintiffs' response in opposition to reconsideration of the Order granting partial summary judgment in Plaintiffs' favor was frivolous—this Court is not persuaded that these "general guidelines" are particularly helpful in deciding whether Plaintiffs' arguments in opposition to reconsideration were frivolous. True, no settlement discussions apparently occurred following the *en banc* ruling in *Lange* which precipitated Defendants' motion for reconsideration and this Court ultimately decided the case on summary judgment in Defendants' favor. However, Plaintiffs' claims required this Court's "close

views the evidence in the light most favorable to the non-prevailing Plaintiffs when determining whether their claims became frivolous. *Beach Blitz*, 13 F. 4th at 1297 (quoting *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir. 2003)).

Here, Defendants assert that Plaintiffs' attempt to distinguish the *en banc* decision in *Lange* from the facts of this case was objectively unreasonable and without legal foundation, noting that, at the time the *en banc* decision was published, Plaintiffs should have known their facially-discriminatory-policy claim lacked any foundation. ECF No. 203 at 10–11. But Defendants' position calls into question Defendant DMS's own decision to attempt to distinguish the panel decision in *Lange* and urge this Court not to rule on the pending cross-motions for summary judgment until the mandate issued in that case. *See* ECF No. 171.

Moreover, this is not a case where Plaintiffs later discovered they had no factual basis to support their claim yet pursued relief in spite of such knowledge. *See EEOC v. Peoplemark, Inc.,* 732 F.3d 584, 591–92 (11th Cir. 2013). Rather, the undisputed facts demonstrated that these Plaintiffs were denied insurance coverage under a state plan exclusion that is analogous to a policy that a panel of Eleventh Circuit judges previously determined was facially discriminatory under Title VII.

---

attention" throughout the duration of this case and after the *en banc* decision was published in *Lange*. *See Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021) (emphasizing that claims should not be considered frivolous when they are meritorious enough to receive careful attention and review).

The facts in this case never changed—only the binding authority that applied to those facts changed after this Court ruled in favor of Plaintiffs.

In responding to Defendants' motion for reconsideration, Plaintiffs acknowledged this new contrary authority and attempted to distinguish that authority from the facts of this case in terms of (1) the legal reasoning underpinning the *en banc* decision as applied to the policy at issue in this case, and (2) whether facts in this record supported a claim for discrimination based on disparate treatment, inasmuch as Plaintiffs asserted they were denied coverage for medical treatments based on sex due to the fact that they are all transgender individuals seeking gender reassignment or modification services. Plaintiffs were well within the bounds to argue, in the alternative, that summary judgment in their favor was still appropriate based on circumstantial evidence, and their theory of discrimination was not without legal support. *See, e.g.*, *Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644 (2020); *Glenn v. Brumby*, 663 F.3d 1312 (11th Cir. 2011); *Copeland v. Ga. Dep't of Corrs.*, 97 F. 4th 766 (11th Cir. 2024). The fact that this Court disagreed with Plaintiffs does not make their arguments on reconsideration frivolous. *See Cordoba v. Dillard's Inn*, 419 F. 3d 1169, 1181, 1187 (11th Cir. 2005) (holding that district court abused discretion in awarding defendant fees based on claim that was "exceedingly weak" and "fundamentally flawed," because claim was not so lacking in foundation to be deemed frivolous). Instead, Plaintiffs' arguments for reconsideration still required

5

close attention from this Court as Plaintiffs' claims implicated emerging and ever-evolving issues in the field of employment discrimination and equal protection challenges by transgender employees.

"No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable." *Christiansburg*, 434 U.S. at 422. "The law may change or clarify in the midst of litigation." *Id*. And "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id*.  Viewed in the light most favorable to Plaintiffs, as this Court must, this Court finds that Plaintiffs' arguments in response to Defendants' motion for reconsideration, much like Defendant DMS's legal arguments concerning the panel decision in *Lange*, may have been weak or unpersuasive but certainly not so lacking in foundation as to be frivolous. This Court is not persuaded that Defendants are entitled to fees based on Plaintiffs' attempt to defend this Court's prior Order granting partial summary judgment in their favor and distinguish the *en banc* decision in *Lange*. Indeed, Defendants cite no authority to stand for the proposition that a plaintiff necessarily risks fee liability simply by making a good faith legal argument attempting to distinguish new, contrary authority after the

plaintiff has initially succeeded at summary judgment. Accordingly, Defendants'

motion, ECF No. 203, is **DENIED**.

      **SO ORDERED on January 30, 2026.**

                          **s/Mark E. Walker**
                          **United States District Judge**