**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

JAMI CLAIRE et al.,

      Plaintiffs,

vs.                                    Case No. 4:20-cv-00020-MW/MAF

 FLORIDA DEPARTMENT OF
 MANAGEMENT SERVICES et al.,

      Defendants.
_____/

## <u>PLAINTIFFS' OBJECTIONS TO BILL OF COSTS</u>

Defendants filed a motion to tax costs (ECF 202.) This Court denied

the motion as procedurally improper and directed the Clerk to address the

Bill of Costs after the deadline for Plaintiffs to file objections. (ECF 205.)

Plaintiffs hereby object to some of the costs that Defendants seek.

### I.     Legal Standard

Plaintiffs do not dispute that Defendants are the prevailing party. Fed.

R. Civ. P. 54(d) allows for costs to be taxed against losing parties, while 28

U.S.C. § 1920 specifies which costs may be awarded. Courts cannot exceed

what is specified in § 1920, but they have discretion to refuse to tax costs in

favor of the prevailing party. *Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482

U.S. 437, 442 (1987). "When challenging whether costs are taxable, the

losing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party." *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *1 (S.D. Fla. Mar. 29, 2012). The prevailing party "still bears the burden of submitting a request for expenses that would enable the Court to determine what expenses were incurred and whether [the prevailing party] is entitled to them." *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000).

## II.    Deposition Fees

Defendants seek $21,699.49 in deposition costs. (ECF 202, at 18-46.) Taxation of deposition costs is authorized by § 1920(2), but an award depends on the factual question of whether the deposition was necessarily obtained for use in the case. *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). If necessarily obtained, this Court's administrative order allows: "Fees of a court reporter for attendance at, and for the original and a party's first copy of a transcript of, any trial, hearing, or deposition in the case at bar." *In Re: Allowable Items for Taxation of Costs,* at 2 ¶ 3 (N.D. Fla.).

Defendants include the cost of exhibits in their Bill of Costs for depositions, however all of the deposition exhibits were provided electronically ahead of the depositions so copies of exhibits were not

2

necessary. Moreover, there is no necessity for color copies. Defendants'

memorandum does not explain why copies of previously provided exhibits

and color copies were necessary. (*See* ECF 202, at 4.) Defendants

acknowledged this when, upon realizing such charges, they called them

"ridiculous." (*Id*. at 40) ("I cannot justify paying $1K for exhibits that were

electronic."). And some of the later invoices show a larger amount than what

is sought here presumably by excluding some of the exhibit charges. (*Id*. at

44-46.) Defendants also have not shown why indexes were necessary,

especially when all of the depositions were provided in an electronically

searchable format.

Plaintiffs identify in the following chart which costs are allowable and

which are not. Plaintiffs propose that only $12,514.95 should be taxed for

depositions, and that $9,184.54 not be awarded.

| Deponent | Amount Sought | Amount Unnecessary | Reason Unnecessary | Amount Allowed |
|---|---|---|---|---|
| Jami Claire, Invoice 148011 | 852.44 | 185.52 | Exhibits previously provided; color copies and indexes not necessary | 666.92 |

| | | | | |
|---|---|---|---|---|
| Kathryn Lane, Invoice 148091 | 1,033.91 | 207.62 | Exhibits previously provided; color copies and indexes not necessary | 826.29 |
| Ahmir Murphy, Invoice 148762 | 761.23 | 140.88 | Exhibits previously provided; color copies and indexes not necessary | 620.35 |
| Brian Rogers, Invoice 149263 | 679.19 | 197.17 | Exhibits previously provided; color copies and indexes not necessary | 482.02 |
| Jill Sumfest, Invoice 149833 | 825.75 | 315.56 | Exhibits previously provided; color copies and indexes not necessary | 510.19 |
| Jodi Gentry, Invoice 151773 | 683.58 | 245.38 | Exhibits previously provided; color copies and indexes not necessary | 438.20 |
| David Arthman, Invoice 151902 | 611.07 | 291.81 | Exhibits previously provided; color copies and indexes not necessary | 319.26 |

| | | | | |
|---|---|---|---|---|
| Shannon Edwards, Invoice 151767 | 1,089.55 | 469.81 | Exhibits previously provided; color copies and indexes not necessary | 619.74 |
| Sabin Bass, Thomas Glennon, Karen Frost, Invoice 152696 | 1,417.96 | 873.34 | Exhibits previously provided; color copies and indexes not necessary | 544.62 |
| Dearline Thomas-Brown, Invoice 153893 | 1016.20 | 477.84 | Exhibits previously provided; color copies and indexes not necessary | 538.36 |
| Allison Loven, Invoice 154742 | 398.08 | 182.11 | Exhibits previously provided; color copies and indexes not necessary | 215.97 |
| Dr. Anna Kirkland, Invoice 155271 | 1,396.52 | 258.76 | Exhibits previously provided; color copies and indexes not necessary | 1137.76 |
| Dr. Stephen Levine, Invoice 155341 | 932.54 | 356.62 | Exhibits previously provided; color copies and indexes not necessary | 575.92 |

| Dr. Randi Ettner, Invoice 155612 | 1,423.71 | 306.18 | Exhibits previously provided; color copies and indexes not necessary | 1117.53 |
|---|---|---|---|---|
| Dr. Ryan Nicholas Gorton, Invoice 156204 | 1,010.13 | 194.49 | Exhibits previously provided; color copies and indexes not necessary | 815.64 |
| Tami Fillyaw, Invoice 156272 | 2,978.30 | 2202.06 | Expedited rate not necessary.[1] Exhibits previously provided; color copies and indexes not necessary | 776.24 |
| DMS witnesses Sharon Larson & Jimmy Cox, Invoice 157036 | 536.73 | 154.87 | Exhibits previously provided; color copies and indexes not necessary | 381.86 |
| Dearline Thomas-Brown, DMS Stokes, Invoice 157153 | 1,826.65 | 1191.26 | Exhibits previously provided; color copies and indexes not necessary | 635.39 |

---

[1] The invoice charges $7.07 per page, an expedited rate. Defendants do not explain why they needed the transcript expedited. *See Matter of Skanska USA Civil Se. Inc.*, 700 F. Supp. 3d 1032, 1042 (N.D. Fla. 2023) (claimant must show necessity for expedited transcripts).

| | | | | |
|---|---|---|---|---|
| Mercer Health Invoice 155086 | 863.63 | 519.33 | Exhibits previously provided; color copies and indexes not necessary | 344.30 |
| Robert Bonnell, Invoice 158920 | 337.86 | 197.01 | Exhibits previously provided; color copies and indexes not necessary | 140.85 |
| "Rip" Colvin, Jr., Invoice 151040 | 442.28 | 94.85 | Exhibits previously provided; color copies and indexes not necessary | 347.43 |
| Carolyn Horwich, Invoice 153233 | 294.22 | 62.60 | Exhibits previously provided; color copies and indexes not necessary | 231.62 |
| Melissa Jackson, Invoice 157703 | 287.96 | 59.47 | Exhibits previously provided; color copies and indexes not necessary | 228.49 |
| **TOTALS** | 21,699.49 | 9,184.54 | | 12,514.95 |

7

### III.   Medical Records

Defendants seek $239.07 in costs for medical records they obtained

from Plaintiffs' medical providers. (ECF 202, at 47-58.) The party seeking to

recover photocopying costs must present evidence "regarding the

documents copied including their use or intended use." *Cullens v. Ga. Dep't*

*of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *see also Brown v. United of*

*Omaha Life Ins. Co.*, No. 3:15-cv-161, 2017 WL 162023, at *2 (N.D. Fla. Jan.

14, 2017) (Plaintiff provided no documentation regarding the nature of the

medical records. "Because the Court is left to speculate as to the nature of

the documents, their cost, and how they were used, the cost for these items

is not taxable.").

Defendants have not met their burden of identifying the necessity of

these costs. Defendants' memorandum does not explain why copies of

medical records were necessary. (*See* ECF 202, at 4.) Moreover, these

medical records were unnecessary as Plaintiffs informed Defendants that

they only sought garden-variety emotional distress damages and that

Plaintiffs' medical conditions would not be at issue. (ECF 74, at 9-10; ECF

121-1, at 19; ECF 121-2, at 20; ECF 121-3, at 18-19; ECF 143 (Plaintiffs'

Daubert Motion to exclude the testimony of Defendants' expert related to

Plaintiffs' medical conditions and treatment, based solely on their medical

records, due to these issues not being pertinent to any issue in this case);

ECF 157 (Order Granting Daubert Motion, based in part on Defendants

failing to demonstrate that the portions related to Plaintiffs' medical records

were admissible)). Defendants presumably understood this as they did not

depose any medical provider or file any medical records in support of

summary judgment. (*See* ECF 121-122; *see also* ECF 143, at 2 n.1 (the only

place where Plaintiffs' medical records were discussed was one section of

Dr. Levine's expert report that was sealed by this Court and was not relied

upon by Defendants in their Motions for Summary Judgment).)

All $239.07 in costs for medical records should be denied.

## IV.   "Copies of Papers Obtained for Use in the Case"

Defendants seek $16,476.48 for "copies of papers obtained for use in

the case." (ECF 202, at 59-63.) The invoices bill for a variety of items,

including "hands-on glass copies,"[2] "8.5 x 11 color copies," "8.5 x 11 black &

white copies from electronic format," "8.5 x 11 color copies from electronic

format," light litigation black & white scanning," "8 ½ x 11 color scanning,"

"CD creation," and "Image File Processing." (*Id*. at 60, 63.)

---

[2] While counsel for Defendants explained in a phone call to counsel for
Plaintiffs what hands on glass copies were (old state plan documents not in
electronic format), their memorandum does not explain the need for 1,922 of
such copies when only 37 pages were filed in support of summary
judgment. (ECF 121-7 (17 pages); ECF 121-8 (20 pages)).

Defendants' memorandum does not provide any specific explanation of why any of these items were necessary. (*See id*. at 4.) It is not Plaintiffs' responsibility to guess at what these are or what their intended use was. Nor do Defendants identify the items that are not even listed as copies or what their function and use in this case was. Scanning, CD creation, and Image File Processing are not copies, which is the category that Defendants lump these tasks into. Defendants have not met their burden of submitting a request for costs that enables the Court to determine what was incurred and why they were necessary. *See Lee*, 93 F. Supp. 2d at 1335; *see also Scelta v. Delicatessen Support Serv., Inc.,* 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002).

All $16,476.48 for "copies of papers obtained for use in the case" should be denied.

## V.    Conclusion

Based on the above, Plaintiffs respectfully submit that costs should be taxed in the amount of $12,514.95 for depositions, and the amounts of $9,184.54 for depositions, $239.07 in costs for medical records, and $16,476.48 for "copies of papers obtained for use in the case" be denied.

Respectfully submitted on this 3rd day of February, 2026.

/s/ Jodi Siegel
**SIMONE CHRISS**
Fla. Bar No. 124062
simone.chriss@southernlegal.org
**JODI SIEGEL**
Fla. Bar No. 511617
jodi.siegel@southernlegal.org
Southern Legal Counsel, Inc.
1229 NW 12th Avenue
Gainesville, FL 32601
(352) 271-8890

**DANIEL TILLEY**
Fla. Bar No. 102882
dtilley@aclufl.org
**CAROLINE MCNAMARA**
Fla. Bar No. 1038312
cmcnamara@aclufl.org
ACLU Foundation of Florida
4343 West Flagler St., Suite 400,
Miami, FL 33134
(786) 363-2714

*ATTORNEYS FOR ALL PLAINTIFFS*

**JEFFREY HEARNE**
Fla. Bar No. 512060
jhearne@legalservicesmiami.org
**JOCELYN ARMAND**
Fla. Bar No.44264
jarmand@legalservicesmiami.org
Legal Services of Greater Miami, Inc.
4343 W Flagler Street, Suite 100
Miami, FL 33134
(305) 438-2403

*ATTORNEYS FOR PLAINTIFF
MURPHY*

11

## **CERTIFICATE OF WORD COUNT**

Pursuant to N.D. Loc. R. 7.1(F), I certify this Objection to Defendants'

Bill of Costs contains 1,616 words, which includes headings, footnotes, and

quotations, but does not include case style, signature block or the Certificate

of Word Count.

*/s/ Jodi Siegel*
*ATTORNEYS FOR PLAINTIFFS*