IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMI CLAIRE, et al.,

     *Plaintiffs*,

v.                            **Case No.: 4:20cv20-MW/MAF**

FLORIDA DEPARTMENT OF
MANAGEMENT SERVICES, et al.,

     *Defendants*.

_____/

## ORDER ON COSTS

This Court has considered, without hearing, Defendants' bill of costs and memorandum in support thereof, ECF No. 202, and Plaintiffs' objections to the bill of costs, ECF No. 208. Defendant has filed a bill of costs totaling $38,415.04, including $21,699.49 for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," and $16,715.55 for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." ECF No. 202 at 8–9. Plaintiffs agree that Defendants are entitled to compensable costs as the prevailing parties in this action but contend that much of Defendants' claimed costs is either non-compensable under 28 U.S.C. § 1920 or unsupported by the record.

With respect to costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," Plaintiffs argue that Defendants improperly include costs for deposition exhibits because those exhibits had already been provided to Defendants in electronic form ahead of the depositions. ECF No. 208 at 2. In addition, Plaintiffs argue that Defendants have not explained the necessity for color copies of exhibits or for indexes—particularly when the depositions were provided in an electronically searchable format. *Id*. at 3. Finally, with respect to deposition fees, Plaintiffs argue that Defendants have failed to explain why an expedited rate was necessary for one deposition. *Id*. at 6 n.1 (citing *Matter of Skanska USA Civil Se. Inc.*, 700 F. Supp. 3d 1032, 1042 (N.D. Fla. 2023)).

As to each of these points, this Court agrees. Defendants assert, generally, that all deposition transcripts, including color copies, indexes, exhibits, and charges for expediting were necessarily obtained for use in this case, without explaining the necessity for these challenged elements. *See, e.g.*, *George v. Fla. Dep't of Corrs.*, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008) (report and recommendation) (Rosenbaum, M.J.) (noting that an inquiry must be made into the purpose of the exhibit copies when determining whether to award costs for copies of transcript exhibits); *Brandon v. GlaxoSmithKline, LLC*, 2018 WL 372307, at *3 (N.D. Ala. Jan. 11, 2018) (declining to award costs for copies of deposition exhibits and expediting fees when defendant offered no explanation for why copies of deposition

exhibits were necessary); ECF No. 202 at 40 (defense counsel's objection to cost of exhibits that were electronic and cost more than the deposition itself). Having failed to explain why Defendants ordered duplicates of deposition exhibits that were already provided in electronic form and the necessity of color copies, indexes, and expediting one transcript, this Court will award costs for those portions of deposition transcripts that were necessary in this case as set out in Plaintiffs' objections, ECF No. 208 at 3–7. In short, Defendants are entitled to $12,514.95 in costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."

Plaintiffs also object to awarding photocopying costs totaling $239.07 for Plaintiffs' medical records, inasmuch as Plaintiffs' medical conditions were not in dispute in this case. This Court agrees. Indeed, this Court ruled that Defendants' expert witness, Dr. Levine, was prohibited from testifying about his opinion regarding Plaintiffs' motivations for seeking gender reassignment surgeries insofar as Defendants had never contended that Plaintiffs were not eligible for such medical treatment or that surgery was contraindicated for Plaintiffs. *See* ECF No. 157. Likewise, Plaintiffs point out that Defendants did not depose any of Plaintiffs' medical providers or file any medical records in support of their motions for summary judgment. *See* ECF No. 208 at 9. Accordingly, this Court agrees that

Defendants have failed to demonstrate that photocopying costs for Plaintiffs' medical records were reasonably or necessarily incurred for use in this case.

Finally, Plaintiffs argue that the remaining photocopying costs totaling $16,476.48 should be denied in full as unsupported, inasmuch as Defendants generally assert such costs were incurred to convert "voluminous emails from their native format to PDF, in response to Plaintiffs' requests for production in order to prepare them for redaction and subsequent production," ECF No. 202 at 16, and to produce "historic health plan booklets, which had to be hand copied and scanned into electronic format for production," *id*. Plaintiffs argue that Defendants have failed to explain the need for 1,922 copies when only 37 pages were filed in support of summary judgment. ECF No. 208 at 9 n.2. In addition, Plaintiffs argue that "[s]canning, CD creation, and Image File Processing are not copies, which is the category that Defendants lump these tasks into." *Id*. at 10.

Contrary to Plaintiffs' position, file conversion and scanning documents to create digital duplicates is generally recognized as taxable under section 1920(4). *See Akanthos Capital Mgmt., LLC v. CompuCredit Holdings, Corp.*, 2 F. Supp. 3d 1306, 1315–16 (N.D. Ga. 2014) (assuming but not deciding that "converting files to TIFF is the sort of 'modern-day equivalent' of paper copying that would be taxable as necessary copying costs."); *see also* citing *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012). And this Court recognizes that

4

this case involved discovery pertaining to decades-old paper policies for which no digital version was available, which necessitated digitization for litigation purposes. Accordingly, this Court is satisfied that Defendants have met their burden to demonstrate that the costs of scanning to create digital copies for Plaintiffs—totaling $1,704.90—was reasonably and necessarily incurred for use in this case. *See* ECF No. 202 at 60 (highlighted entries on Invoice # 9759).

However, this Court is not persuaded that Defendants have provided a sufficiently specific explanation for the costs involved in the "image file processing" for converting native formatted emails to PDF images. *See* ECF No. 202 at 63. The invoice totaling over $14,000.00 for this file conversion includes tasks like "ingestion, de-duping, OCR, applying header, and PDF catalog," which Defense counsel does not explain beyond stating that she "believes that Invoice 9788 relates to the conversion of voluminous emails . . . ." ECF No. 202 at 16. Having provided insufficient detail for this Court to decipher this invoice, Defendants have not met their burden of establishing entitlement to such costs. *See Akanthos*, 2 F. Supp. 3d at 1316 n.12 (declining to tax costs based on indecipherable invoice).

Accordingly, for these reasons, Defendants are entitled to $12,514.95 in costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," and $1,704.90 for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

The Clerk shall enter judgment for costs stating, "Defendants are entitled to judgment against Plaintiffs in the amount of **$14,219.85** in costs, for which sum let execution rest." The Clerk shall close the file.

      **SO ORDERED on February 6, 2026.**

**s/Mark E. Walker**
**United States District Judge**

6